735 P.2d 1184

In the Matter of MELISSA H., a Child.

STATE of New Mexico, ex rel. HUMAN
SERVICES DEPARTMENT,
Petitioner-Appellant,

v.

JUDY H., Respondent-Appellee.

No. 9563.

Court of Appeals of New Mexico.

March 19, 1987.

Certiorari Denied April 21, 1987.

Angela L. Adams, Acting Gen. Counsel, Susan K. Rehr and John Petoskey, Assts. Gen. Counsel, Human Services Dept., Santa Fe, for petitioner-appellant.

Ralph E. Ellinwood, John F. Schaber, P.A., Deming, for respondent-appellee.

M. Lea Brownfield, Jeffreys, Cooper & Associates, Deming, guardian ad litem.

## OPINION

BIVINS, Judge.

The New Mexico Human Services Department (HSD) appeals from a children's court order assessing costs against it in a child abuse and neglect proceeding. The sole issue on appeal is whether the children's court can assess costs against HSD in an abuse and neglect proceeding brought by HSD under the Children's Code, NMSA 1978, Sections 32-1-1 to -45 (Repl.1986). We hold it cannot and reverse.

Following the entry of a consent decree, legal custody of the child was placed with HSD and physical custody with the child's maternal grandmother. HSD later moved to revoke the consent decree, alleging, among other things, that respondent had maintained only minimal visitation with the child and that her home environment was unstable. Respondent resisted this motion and sought permission to depose the social workers and foster parents assigned to the case. *See* SCRA 1986, R. 10-306. The children's court entered an order authorizing the depositions. Following a hearing, the children's court denied HSD's motion to revoke the consent decree and ordered that the child be returned to respondent at the expiration of the consent decree. Respondent filed a cost bill seeking $660.86 for the costs of the depositions and moved the children's court, pursuant to NMSA 1978,

Civ.P. Rule 54 (Cum.Supp.1985) (now SCRA 1986, Rule 1–054), for a judgment awarding her those costs. Over HSD's objection, the children's court entered an order taxing costs against HSD. From that order HSD appeals. Although it is not clear from the record, we assume the cost bill was for a court reporter's appearance and transcription of the depositions.

It is well established that the right to recover costs exists only by virtue of statutory authority or court rule. *New Mexico Bureau of Revenue v. Western Elec. Co.*, 89 N.M. 468, 553 P.2d 1275 (1976); *Gurule v. Ault*, 103 N.M. 17, 702 P.2d 7 (Ct.App. 1985). Rule 1–054(E) provides, in pertinent part:

> Except when express provision therefor is made either in a statute or in these rules, costs shall be allowed as a matter of course to the prevailing party unless the court otherwise directs; but costs against the state, its officers and agencies shall be imposed only to the extent permitted by law.

As argued by HSD, Rule 1–054(E) contains two critical limitations under the facts of this case: the rule has no application where an express provision for costs is made elsewhere, and costs against the state can be imposed only if permitted by law.

With regard to these limitations, HSD argues that the Children's Code contains its own statutory provision for costs, and that this provision does not permit taxation of costs against HSD. Section 32–1–41, entitled "Court costs and expenses," provides, in pertinent part:

> A. The following expenses shall be a charge *upon the funds of the court* upon their certification by the court:
>
> (1) the costs of medical and other examinations and treatment of a child ordered by the court;
>
> (2) reasonable compensation for services and related expenses *for counsel* appointed by the court for a party;
>
> (3) the expenses of service of summons, notices, subpoenas, traveling expenses of witnesses *and other like expenses incurred in any proceeding under the Children's Code;* and
>
> (4) reasonable compensation of a guardian ad litem appointed by the court. [Emphasis added.]

Respondent's only argument against the application of Section 32–1–41 is that Subsection A(3) does not specifically include the expense of depositions. Consequently, respondent contends that authority for deposition costs is found under a general statute. She relies on *Kirby v. New Mexico State Highway Department*, 97 N.M. 692, 643 P.2d 256 (Ct.App.1982), a case in which this court ruled that costs could be assessed against the state under NMSA 1978, Section 39–3–30 in damage actions under the New Mexico Tort Claims Act. Respondent's reliance on *Kirby v. New Mexico State Highway Department* is misplaced.

■ Our resolution against the application of Section 39–3–30 is required by the rule that specific statutes control over general statutes. *In re Rehabilitation of Western Investors Life Ins. Co.*, 100 N.M. 370, 671 P.2d 31 (1983). The Children's Code contains its own statutory provision for costs. *See* § 32–1–41.

■ We now examine that statute to determine if deposition costs are included. The parties agree that if deposition costs are allowed, it must be found under Section 32–1–41(A)(3), which provides: "the expenses of service of summons, notices, subpoenas, traveling expenses of witnesses *and other like expenses* incurred in any proceeding under the Children's Code[.]" (Emphasis added.) We do not believe the phrase "other like expenses" includes depositions. Under the rule *ejusdem generis,*

> general words in a statute, which follow a designation or enumeration of particular subjects, objects, things, or classes of persons, will ordinarily be presumed to be restricted so as to embrace only subjects, objects, things, or classes of the same general character, sort or kind, to the exclusion of all others.

*Grafe v. Delgado*, 30 N.M. 150, 153, 228 P. 601, 602 (1924). Deposition costs do not appear to be of the same character, sort or kind as expenses for service of process and traveling expenses of witnesses.

This result is consistent with the supreme court rule governing depositions in children's court cases. SCRA 1986, Rule 22–301(A) provides, in part: "Depositions in criminal, children's court and termination of parental rights cases shall be taken on an audio recording device approved by the administrative office of the courts. The tape recording shall serve as the record on appeal and shall not be typed."

From an examination of Section 32–1–41, as relates to this case, two things are clear. One, either the court fund or the parents or other persons legally obligated for the care and support of the child, not HSD, is responsible for court costs and expenses. Two, reading Section 32–1–41 in conjunction with Rule 22–301(A), the costs of depositions are not allowable costs. Therefore, the court fund is not responsible for the costs of the depositions taken in this proceeding. Consequently, respondent must bear those costs.

We reverse the order assessing costs against HSD.

IT IS SO ORDERED.

ALARID and GARCIA, JJ., concur.