848 P.2d 1131

The HOME INDEMNITY COMPANY,
Plaintiff–Appellant,

v.

ARAPAHOE DRILLING COMPANY,
INC., Defendant–Appellee.

Nos. 13173 and 13188.

Court of Appeals of New Mexico.

Feb. 18, 1993.

Gregory L. Biehler, Beall & Biehler,
P.A., Albuquerque, for plaintiff-appellant.

Judy A. Fry, Janet R. Braziel, Modrall, Sperling, Roehl, Harris & Sisk, P.A., Albuquerque, for defendant-appellee.

## OPINION

PICKARD, Judge.

This appeal involves the time limitation for taking certain appeals from the corporation commission (sitting as the insurance board) to the district court. Home Indemnity Company was aggrieved by a decision of the corporation commission entered on November 9, 1990, in favor of Arapahoe Drilling Company. Home Indemnity filed its appeal on December 19, 1990. Upon motion of Arapahoe, the district court dismissed Home Indemnity's appeal. By separate order, the district court confirmed the judgment of the corporation commission, apparently because there was no reason not to confirm the judgment once the appeal was dismissed. Home Indemnity filed separate appeals from each order, and we consolidated the appeals on motion of the parties. Neither party separately briefed the order confirming the judgment; both parties agree that at this stage of the proceedings, the propriety of the order confirming the judgment turns on whether or not the appeal was properly dismissed. We hold that the appeal was properly dismissed and therefore affirm both orders.

### BACKGROUND

The Insurance Code is contained in NMSA 1978, Sections 59A-1-1 to 59A-55-26 (Repl.Pamp.1992) and consists of all those sections except Articles 16A, 23A, 23B, and 24A, and Section 59A-33-14. Section 59A-1-1. We cite the 1992 replacement pamphlet because none of the provisions specifically applicable to this case has materially changed since this case was filed. Article 4 of the Insurance Code, §§ 59A-4-1 to -20, is entitled "Examinations, Hearings and Appeals" and contains Subsections 59A-4-20(A) and (B), which provide that "A party may appeal from an order of the superintendent," and "The appeal shall be taken within sixty days after receipt, by the party appealing, of a copy of the decision from the review of the superintendent's order by the corporation commission or insurance board."

If this provision applies, Home Indemnity's appeal was timely and the court below erred in dismissing it. However, Subsection 59A-4-20(F) provides that "This section shall not apply to matters arising under Chapter 59A, Article 17 NMSA 1978."

Article 17 of the Insurance Code, §§ 59A-17-1 to -36, is entitled "Insurance Rates and Rating" and contains Subsection 59A-17-35(A), which provides that "Any order made by the insurance board pursuant to Section 59A-17-34 NMSA 1978 shall be subject to review by the district court of Santa Fe county in the same manner as provided for taking of appeals in other civil actions." Thus, the three issues raised by this case are: (1) whether the proceedings in this case were under Article 17, culminating in a decision pursuant to Section 59A-17-34; (2) whether the time for "taking of appeals in other civil actions" expired by the time Home Indemnity's appeal was filed; and (3) whether other reasons would allow the appeal to be heard.

### FACTS

The nature of the proceeding before the corporation commission was a dispute between the parties about the proper workers' compensation premiums that Arapahoe should have been paying. Home Indemnity claimed that Arapahoe owed it some $90,000 in premiums and invoked the jurisdiction of the federal court to collect. Arapahoe claimed that it did not owe the $90,000 and, in addition, claimed that it had overpaid some $140,000 in premiums; Arapahoe made its claims in a counterclaim in the federal action. Pursuant to stipulation, the parties agreed that all issues in the federal court action would be submitted to the jurisdiction of the New Mexico Department of Insurance.

The nature of the dispute concerned whether a class of employees known as "tool pushers" would be classified for rating purposes as oil field workers or supervisory personnel. If they were classified as the former, the rate was $35.71 per $100 of payroll; if the latter, the rate was $4.87 per $100 of payroll. The superintendent of insurance held that tool pushers were supervisory personnel and that Home Indem-

nity had improperly classified them. The corporation commission affirmed.

DISCUSSION

1. Article 17 versus Article 4

■ Home Indemnity contends that the issues presented to the superintendent did not involve insurance rating, rate experience, calculation of the rate of the premium, or rate determination, and that therefore Article 17 cannot apply. It further contends that this matter involves the appropriate rate classification and therefore Article 4 applies. We disagree.

The word "classification" appears nowhere in Article 4. On the other hand, it appears several places in Article 17. For example, there is Section 59A–17–4(C), which defines "supplementary rate information" as "any manual or plan of ... classification," and there is Section 59A–17–8, which permits risks to be grouped by classification, provides that classification systems be updated periodically, and outlines how classifications are assigned.

Section 59A–17–30(B) permits the superintendent to hear appeals relating to an insurance company's rating system. In this case, the decision of the superintendent of insurance recited that jurisdiction was invoked pursuant to the parties' stipulation and Section 59A–17–30. In both Home Indemnity's docketing statement and its brief in chief, it recited that the issues were presented to the superintendent pursuant to Section 59A–17–30 for resolution. In other words, it appears Home Indemnity concedes that Article 17 applied to the proceedings before the corporation commission.

It argues, however, that the proceedings were nonetheless conducted by the corporation commission pursuant to certain sections of Article 4. This argument is not convincing. While both the stipulation and the decision of the superintendent recited that the proceedings in this case were conducted pursuant to Sections 59A–4–15 and –17, this does not mean that the proceedings were not Article 17 proceedings. Section 59A–17–34 expressly provides that Article 17 hearings are to be conducted pursuant to certain of the procedural provisions of Article 4, notably Sections 59A–4–

15, –16, and –17. Moreover, it bears repeating that Subsection 59A–4–20(F) expressly provides that Section 59A–4–20 does not apply to matters arising under Article 17.

For these reasons, the appeal had to be taken within the time limits provided by Article 17.

2. Time for "taking of appeals in other civil actions"

■ Section 59A–17–35 provides that appeals to the district court from Article 17 proceedings are to be taken "in the same manner as provided for taking of appeals in other civil actions." What does this language mean in the context of an appeal to district court?

Several possibilities come to mind. Before discussing them, we note that the Supreme Court has not addressed this matter by rule of procedure. *See James v. New Mexico Human Servs. Dep't, Income Support Div.*, 106 N.M. 318, 742 P.2d 530 (Ct. App.) (when Supreme Court has set time limit for taking administrative appeal, that time limit governs over inconsistent statutory time limit), *cert. quashed*, 106 N.M. 353, 742 P.2d 1058 (1987); *see also State v. Alvarez*, 113 N.M. 82, 823 P.2d 324 (Ct. App.) (when Supreme Court-adopted time limit was different from statutory time limit but rule was not clearly intended to take precedence over statute, Court of Appeals would not assume that Supreme Court intended to enact an inconsistent rule), *cert. denied*, 113 N.M. 23, 821 P.2d 1060 (1991). Thus, we address this issue as a matter of legislative intent.

First, the language concerning "appeals in other civil actions" may mean that the legislature intended appeals pursuant to Section 59A–17–35 to be governed by the time limit established by the legislature for appeals in civil cases, NMSA 1978, § 39–3–2 (Repl.Pamp.1991). Second, the language may mean that the time limit is that limit contained in the Rules of Appellate Procedure, SCRA 1986, 12–201 (Repl.1992). Both of these limits are thirty days from the date of filing of the appealable order. However, both limits apply by their terms

to appeals from the district court to the Court of Appeals, not to appeals to a district court.

Various types of administrative cases are appealed to district court. In fact, there are over forty different statutes creating a right of appeal from a lower tribunal to the district court and setting procedure therefor, including the two statutes at issue here. A list of most, if not all, of them is contained in an appendix to this opinion. Because of the variety of the provisions in these statutes and the fact that they are administrative and not ordinary civil proceedings, we doubt the legislature intended any of them to be considered "other civil actions."

Finally, the most common types of "civil actions" appealed to district court are cases appealed from lower courts, the magistrate and metropolitan courts. Both by statute and by rule, appeals from these courts to the district court are to be taken within fifteen days of the appealable order. NMSA 1978, § 34-8A-6(D) (Repl.Pamp.1990); NMSA 1978, § 35-13-1 (Repl.Supp.1988); SCRA 1986, 3-706(A) (Repl.1990); SCRA 1986, 2-705(A) (Repl.1990).

Apart from the administrative appeals, whose procedures we have already rejected as being those contemplated by the words "other civil actions," we need not decide in this case what "other civil actions" the legislature had in mind in enacting Section 59A-17-35. The time limit for all of them is either fifteen or thirty days, and Home Indemnity's appeal, filed forty days after entry of the order from which appeal was taken, was untimely in any event.

3. Other reasons to hear the appeal

■ Home Indemnity contends that the rules requiring liberal construction of appellate provisions so that appeals are determined on their merits should apply to this case. *See National Council on Compensation Ins. v. New Mexico State Corp. Comm'n*, 103 N.M. 707, 708, 712 P.2d 1369, 1370 (1986). We have no quarrel with the general principle and, indeed, are committed to the rule of liberal construction. *See State v. Manes*, 112 N.M. 161, 163, 812 P.2d 1309, 1311 (Ct.App.), *cert. denied*, 112

N.M. 77, 811 P.2d 575, *and cert. denied*, —— U.S. ——, 112 S.Ct. 381, 116 L.Ed.2d 332 (1991). However, in this case there is nothing to construe. As indicated in our discussion of the first issue, no amount of construction will turn what is fundamentally an Article 17 proceeding into a different type of proceeding. As indicated in our discussion of the second issue, no matter what time limit we chose from those reasonably available to us, the appeal was still out of time.

■ Home Indemnity contends that it should have thirty days from receipt of the corporation commission's order in which to file its appeal. Because service was not made on the parties until November 20, according to Home Indemnity's brief, Home Indemnity contends that its notice of appeal, filed on December 19, was timely. In fact, Home Indemnity contends that a violation of due process would be present if the time were run from entry of the order if Home Indemnity had no notice of the entry of the order.

We agree that it would be a violation of due process if Home Indemnity would have been required to take an appeal from an order of which it had no notice. *Cf. Montano v. Encinias*, 103 N.M. 515, 709 P.2d 1024 (1985). However, that is not the case here. We also may have some discretion to excuse an untimely notice of appeal and assume that the district court might have similar discretion. *See In re Estate of Newalla*, 114 N.M. 290, 296, 837 P.2d 1373, 1379 (Ct.App.1992). However, this is not a case which should motivate a court to exercise its discretion. *See Trujillo v. Hilton of Santa Fe*, 115 N.M. 398, 851 P.2d 1065 (Ct.App.1993).

Home Indemnity, by its own admission, knew of the entry of the November 9 order on November 20. At that time, there were still almost twenty days left in which to appeal. Home Indemnity's failure to file a timely notice of appeal was not due to any lack of notice, and nothing but Home Indemnity's own actions caused it to file its notice in an untimely fashion.

Home Indemnity's argument in this regard appears to be superficially supported by *Rutherford v. City of Albuquerque*, 113 N.M. 573, 829 P.2d 652 (1992). However, *Rutherford* is distinguishable. In that case, the Supreme Court construed the applicable statute, which was silent on the matter, to provide for commencing the time in which to appeal on the date of mailing the decision. In this case, the statute's reference to other civil actions, which all commence the time on the date of entry of the decision, precludes this court from construing the statute to commence the appeal time on a different date. *See State ex rel. Barela v. New Mexico State Bd. of Educ.*, 80 N.M. 220, 222, 453 P.2d 583, 585 (1969) (courts will not add words to statutes, particularly if they make sense as written).

■ Home Indemnity finally contends that equitable considerations require us to hear its appeal. Those equitable considerations are that Home Indemnity seeks to raise an important issue that affects insurance rating organizations in general. No authority is cited for the proposition that the importance or effect of the issue sought to be raised will excuse an untimely notice of appeal. *See In re Adoption of Doe*, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984). Nor are we aware of any such authority.

## CONCLUSION

As demonstrated by this case and the authorities cited in it, the timely taking of an appeal, especially from lower tribunals to the district court, can still present many traps for the unwary. We commend to the Supreme Court that it expressly address these matters by rule. In the meantime, while we sympathize with practitioners, we are bound to uphold the applicable procedural rules when it appears to us that appellants could have complied with them but simply did not.

To hold otherwise would thwart the salutary purpose of providing a definite time in which to appeal. That purpose is that "it is necessary to provide a precisely ascertainable point of time at which litigation ends." 9 James W. Moore et al., *Moore's Federal Practice* ¶ 204.02[1], at 4–13 (2d ed. 1992); *see also Brainerd v. Beal*, 498 F.2d 901, 903 (7th Cir.) (purpose of requiring compliance with rule on timely notice of appeal is to avoid uncertainty), *cert. denied*, 419 U.S. 1069, 95 S.Ct. 655, 42 L.Ed.2d 664 (1974).

Accordingly, the order dismissing the appeal and the following order confirming the judgment of the corporation commission are affirmed.

IT IS SO ORDERED.

ALARID and CHAVEZ, JJ., concur.

### APPENDIX

1. NMSA 1978, § 3–19–8 (Repl.1985). Appeals from planning commission. No time limit stated.

2. NMSA 1978, § 3–33–22(D) (Repl.Pamp.1991). Appeals from municipal improvement district assessments. Time limit: 15 days after publication of title and summary or posting of ordinance.

3. NMSA 1978, § 3–33–35(A) (Repl.Pamp.1991). Appeals from municipal improvement district individual reassessments. Time limit: 10 days after reassessment roll is ratified by ordinance.

4. NMSA 1978, § 4–55A–18(D) (Repl.Pamp.1992). Appeals from county improvement district assessments. Time limit: 15 days after publication of title and summary or posting of ordinance.

5. NMSA 1978, § 4–55A–31(A) (Repl.Pamp.1992). Appeals from county improvement district individual reassessments. Time limit: 10 days after reassessment roll is ratified by ordinance.

6. NMSA 1978, § 7–1–26(A) (Repl.Pamp.1990). Appeals from denials of claims for tax refunds. Time limits: 30 days from mailing of denial if claim is not granted in full or 120 days from mailing of claim which is neither allowed nor denied.

7. NMSA 1978, § 10–5–7(A) (Repl.Pamp.1992). Appeals from secretary of finance and administration. Time limit: 30 days after entry of public official suspension order.

8. NMSA 1978, § 10–9–18(A) (Repl.Pamp.1992). Appeals from personnel

board. Time limit: 30 days after dismissal, demotion, or suspension.

9. NMSA 1978, § 10–11–120(B) (Repl.Pamp.1992). Appeals from PERA. Time limit: 30 days after retirement board has filed its final decision.

10. NMSA 1978, § 13–1–183(A) (Repl.Pamp.1992). Appeals from Procurement Code determinations. Time limit: 30 days from receipt of determination notice.

11. NMSA 1978, § 13–4–15(D) (Repl.Pamp.1992). Appeals from labor and industrial commission. Time limit: 30 days from mailing of final notice of appeals board.

12. NMSA 1978, § 17–3–34 (Repl.Pamp.1988). Appeals from game and fish license revocation hearings. No time limit stated.

13. NSMA 1978, § 19–7–67 (Repl.1985). Appeals from commissioner of public lands. Time limit: 60 days after decision.

14. NMSA 1978, § 21–24–8 (Repl.Pamp.1992). Appeals from determinations of board of educational finance regarding issuance, denial, or revocation of permits. No time limit stated.

15. NMSA 1978, § 25–3–12 (Repl.Pamp.1987). Appeals from slaughtering establishment condemnations. Time limit: 10 days from environmental improvement board decision.

16. NMSA 1978, § 25–3–19(C) (Repl.Pamp.1987). Appeals from suspension or revocation of meat inspection service or establishment numbers. Time limit: 10 days from decision of environmental improvement board.

17. NMSA 1978, § 28–1–13(A) (Repl.Pamp.1991). Appeals from human rights commission. Time limit: 30 days from service of commission's order.

18. NMSA 1978, § 42–3–14(B)(2) (Cum. Supp.1992). Appeals from relocation payment decisions. Time limit: 30 days from date of mailing or delivery of written decision and order of the displacing agency.

19. NMSA 1978, § 58–1–45(A) (Repl.Pamp.1991). Appeals from the financial institutions division of the regulation and licensing department. Time limit: 30 days after issuance of order.

20. NMSA 1978, § 58–10–13(B) (Repl.Pamp.1991). Appeals from the chief of the savings and loan bureau. Time limit: 30 days after service of decision.

21. NMSA 1978, § 58–10–84 (Repl.Pamp.1991). Appeals from decisions on orders to discontinue violations and to remove directors, officers, and employees pursuant to the Savings and Loan Act. See § 58–10–92 for time limit.

22. NMSA 1978, § 58–10–92(A) (Repl.Pamp.1991). Appeals from decisions by supervisor of financial institutions division of the regulation and licensing department (for savings and loan associations). Time limits: either 30 days after issuance of order or 30 days after order becomes reviewable.

23. NMSA 1978, § 58–21–16(A) (Repl.Pamp.1991). Appeals from final orders by director of financial institutions division of the regulation and licensing department (for mortgage loan companies and loan brokers). Time limit: 30 days after entry of order.

24. NMSA 1978, § 58–22–29(A) (Repl. Pamp.1991). Appeals from final orders by director of financial institutions division of the regulation and licensing department (for hospital equipment loans). Time limit: 30 days after entry of order.

25. NMSA 1978, § 59A–29–6 (Repl.Pamp.1992). Appeals from orders of superintendent of the insurance department. No time limit stated.

26. NMSA 1978, § 59A–32–12 (Repl.Pamp.1992). Appeals from the superintendent of the insurance department pursuant to Motor Vehicle Assigned Risks Law. Time limit (cross-reference to NMSA 1978, Section 59A–4–20(B) (Repl.Pamp.1992)): 60 days after receipt of a copy of the superintendent's order.

27. NMSA 1978, § 59A–42–12(B) (Repl.Pamp.1992). Appeals from superintendent of insurance department (property and casualty insurance guaranty fund). Time limit: 30 days after superintendent's order on appeal.

28. NMSA 1978, § 59A–46–20(B). Appeals from determinations superintendent of insurance department (certificates of authority for health maintenance organizations). No time limit stated.

29. NMSA 1978, § 59A–52–22 (Repl.Pamp.1992). Appeals from the fire board. Time limit: 30 days after filing of decision.

30. NMSA 1978, § 60–6B–2(M) (Repl.Pamp.1992). Appeals from the superintendent of regulation and licensing. Time limit: 30 days from the director's decision.

31. NMSA 1978, § 60–6C–6(A) (Repl. Pamp.1992). Appeals from orders of business license revocations, suspensions, or fines. Time limit: within 30 days of entry of order.

32. NMSA 1978, § 61–1–17 (Repl.Pamp.1989). Appeals from licensing boards. Time limit: 20 days after service of the decision.

33. NMSA 1978, § 66–5–36 (Repl.Pamp.1989). Appeals from cancellation, suspension, or revocation of drivers licenses. Time limit: 30 days thereafter.

34. NMSA 1978, § 66–5–204 (Repl.Pamp.1989). Appeals from decisions by the director of the motor vehicle division of the taxation and revenue department regarding the Mandatory Financial Responsibility Act. Time limit: 20 days after hearing officer's decision.

35. NMSA 1978, § 66–8–112(G) (Cum. Supp.1992). Appeals from driver's license revocation. Time limit: 30 days from order.

36. NMSA 1978, §§ 69–6–2, 69–8–14(A) (Repl.Pamp.1989). Appeals from mining penalties and injunctions. No time limit stated ("Such actions ... shall be governed by the rules and laws applicable to equity proceedings in such court. Either party to such action shall have a right of appeal from any judgment or order therein, as provided by law.").

37. NMSA 1978, § 69–25A–30(A) (Repl.Pamp.1979). Appeals from bureau of mines and mineral resources. Time limit: 30 days after decision is rendered.

38. NMSA 1978, §§ 70–2–25(B), –26 (Repl.Pamp.1987). Appeals from oil conservation commission. Time limit: 20 days after order following rehearing or denial of rehearing.

39. NMSA 1978, § 70–3–8 (Repl.Pamp.1987). Appeals from rejection of applications for use of highway for pipeline. No time limit stated ("in the same manner as provided for appeals from orders of the board of county commissioners by Sections 4–45–5 and 4–45–6 NMSA 1978").

40. NMSA 1978, § 71–5–18(B) (Repl.Pamp.1981). Appeals from the oil conservation division of the energy, minerals, and natural resources department. Time limit: 20 days after the entry of the order following rehearing or after refusal of rehearing.

41. NMSA 1978, §§ 72–7–1(B), 72–12A–10 (Repl.1985). Appeals from the state engineer's office. Time limit: 30 days after receipt by certified mail of notice of decision.

42. NMSA 1978, § 73–1–26. Appeals from appropriation decisions by the state engineer made by artesian conservancy districts. No time limit stated ("within the time and manner provided by law for appeals from such decisions").