867 P.2d 421 (1993)
116 N.M.App. 751
STATE of New Mexico, ex rel., NEW MEXICO STATE HIGHWAY AND TRANSPORTATION DEPARTMENT, Petitioner-Appellant,
v.
Edward BACA, Respondent-Appellee.
No. 13654.
Court of Appeals of New Mexico.
December 2, 1993.
Certiorari Granted January 12, 1994.
*422 Arthur J. Waskey, Gen. Counsel, Richard Ferrary, Deputy Gen. Counsel, Sp. Asst. Attys. Gen., Santa Fe, for petitioner-appellant.
Jane Bloom Yohalem, Morton S. Simon, Law Offices of Simon & Oppenheimer, Santa Fe, for respondent-appellee.

OPINION
PICKARD, Judge.
This case involves the circumstances under which a district court may award attorney fees as an exception to the usual "American Rule," pursuant to which the parties to litigation bear their own attorney fees. The district court awarded over $86,000 in fees and costs to the attorneys for a state employee (Baca). Baca was fired from his job by the State Highway Department and was reinstated after an administrative hearing by the State Personnel Board. The Highway Department twice appealed Baca's reinstatement to the district court. On the first appeal the district court remanded the matter to the Personnel Board for consideration of exceptions filed by the Highway Department. The second appeal resulted in an affirmance of the Personnel Board's decision reinstating Baca to his job. The district court granted Baca's request for all attorney fees incurred in seeking his reinstatement, whether those fees were incurred for proceedings before the Personnel Board or for the appellate proceedings before the district court.
We canvass the authority that could support the award of fees in this case *423 and the various exceptions to the American Rule to determine whether there exists any authority for the fee award. We determine that the exception which allows courts to award attorney fees as part of their inherent power to control bad faith, vexatious, and abusive litigation practices is the only authority that could be applicable. However, a court's power to award fees under this exception extends only to fees incurred in defending against the abusive practices in court and does not extend to any other fees incurred in connection with the cause of action or case being litigated. Moreover, the inherent power exception should be used sparingly. Finally, inasmuch as the rationale for the inherent power exception is punitive, attorney fees imposed pursuant to it may not be collected against the state. Accordingly, we reverse the award of attorney fees. However, we affirm the award of costs, which is also challenged by the Highway Department.
We first address the general rule governing attorney fees and its exceptions. Because the right to recover attorney fees as part of the costs of litigation did not exist at common law, the general rule is that such fees are not recoverable in the absence of statute, rule, or agreement expressly authorizing the recovery. Gurule v. Ault, 103 N.M. 17, 19, 702 P.2d 7, 9 (Ct.App. 1985). There is no statute, rule, or agreement authorizing the award of fees in this case. There are, however, several recognized exceptions to the general rule. See id. In Aboud v. Adams, 84 N.M. 683, 691-92, 507 P.2d 430, 438-39 (1973), our Supreme Court listed some of them: fees necessarily expended to dissolve an injunction, fees expended to successfully prevent unlawful disposition of the property of a semi-public corporation, fees expended by a corporation to determine the rights of stockholders and directors, and fees expended in creation of a large common fund. None of these exceptions is applicable in this case.
In Bassett v. Bassett, 110 N.M. 559, 564, 798 P.2d 160, 165 (1990), our Supreme Court recognized yet another exception. Based on the statutory fiduciary duty that partners owe toward one another, the Court held that attorney fees were recoverable as part of the lower court's equitable jurisdiction on dissolution of the partnership by a partner aggrieved by fraud. Baca argues that this exception applies because the Highway Department, as his employer, owed him a duty of good faith and fair dealing because dismissing him without just cause was statutorily prohibited by NMSA 1978, Section 10-9-18(F) (Repl.Pamp. 1992). See Melnick v. State Farm Mut. Auto. Ins. Co., 106 N.M. 726, 730-31, 749 P.2d 1105, 1109-10 (1988) (implied covenant of good faith and fair dealing does not apply to at-will employment contract), cert. denied, 488 U.S. 822, 109 S.Ct. 67, 102 L.Ed.2d 44 (1988).
We believe that Baca's argument stretches the Bassett exception too far. Bassett was based on specific statutes requiring partners to account to one another, to hold profits as trustees, and to indemnify the aggrieved partner. Although the statutes did not mention attorney fees, Bassett did not stretch them beyond their obvious intent in the context of a dissolution action, normally thought of as an equitable remedy, to rule that partners needed to make each other whole. We believe that Bassett is a far cry from this case, in which there are neither specific nor general statutes requiring accountings, assumption of the duties of a trustee, or indemnification and in which the district court was proceeding as an appellate court.
Baca next contends that the district court properly awarded fees under an exception allowing fee shifting when a party acts in bad faith, vexatiously, wantonly, or for oppressive reasons. Although no New Mexico case has yet adopted this exception, we do so in this case. This exception has found its most recent comprehensive explication in Chambers v. NASCO, Inc., 501 U.S. 32, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991). In addition to the bad faith exception, Chambers discussed the American Rule that is followed in the federal courts, which is similar to New Mexico's, and discussed two exceptions to it, the common fund exception and the exception allowing attorney fees to be awarded as part of the fine for contempt, both of which are recognized by New Mexico cases. See Aboud, 84 N.M. at 691-92, 507 P.2d at 438-39; Hall v. Hall, 114 N.M. 378, 387, 838 P.2d *424 995, 1004 (Ct.App.), cert. denied, 114 N.M. 314, 838 P.2d 468 (1992). In light of the similarities in federal and New Mexico law on this issue, and in light of the Supreme Court's willingness to approve fee shifting in the instance of bad faith expressed in Bassett, we adopt the reasoning of Chambers. Thus, a New Mexico court may award attorney fees when fraud has been practiced upon it, when "the very temple of justice has been defiled," when a party shows bad faith by disrupting litigation or hampering enforcement of court orders, or when it is necessary to vindicate judicial authority and make the prevailing party whole for expenses caused by an opponent's obstinacy under circumstances in which the opponent's behavior is characterized by bad faith or vexatious oppression. Chambers, 501 U.S. at ___, 111 S.Ct. at 2133 (quoting prior cases).
It is important in these cases, however, to recognize that there are limits on the exercise of a court's inherent power. Much has been written, in both New Mexico cases and others, on the appropriateness of the imposition of sanctions under a bad faith standard, including how courts should be careful that their actions not inhibit vigorous and responsible advocacy or the advancement of new issues, how doubts should be resolved against the imposition of sanctions, and how the discretion to award fees as part of inherent power should be exercised with restraint in light of the fact that the use of inherent powers is shielded from direct democratic controls. See, e.g., Roadway Express, Inc. v. Piper, 447 U.S. 752, 764, 100 S.Ct. 2455, 2463, 65 L.Ed.2d 488 (1980); Holt County Coop. Ass'n v. Corkle's, Inc., 214 Neb. 762, 336 N.W.2d 312, 316 (1983); Sandoval v. Martinez, 109 N.M. 5, 9, 780 P.2d 1152, 1156 (Ct.App.), cert. denied (July 27, 1989); LTown Ltd. Partnership v. Sire Plan, Inc., 108 A.D.2d 435, 489 N.Y.S.2d 567, 573-74 (1985), rev'd, 69 N.Y.2d 670, 511 N.Y.S.2d 840, 503 N.E.2d 1377 (1986).
We proceed to determine whether the fee award fits within the inherent power doctrine. The Highway Department first contends that there is simply no power for a district court sitting as an appellate court pursuant to the statutory authority of Section 10-9-18(G) to award attorney fees. According to the Highway Department, the district court's jurisdiction under Section 10-9-18(G) was limited to affirming or reversing the decision of the Personnel Board. Having determined that courts may impose sanctions for misconduct by an award of attorney fees, the question we address is whether the power to impose sanctions for misconduct in this way applies equally to appellate courts. We hold that it does.
Although there is authority to the contrary, In re A.G. Ship Maintenance Corp., 69 N.Y.2d 1, 511 N.Y.S.2d 216, 503 N.E.2d 681 (1986) (per curiam) (sanctions should be addressed by statute or plenary rule rather than ad hoc judicial decision), we believe the more persuasive authorities are those holding that appellate courts, like any other courts, have "inherent power to impose a variety of sanctions on both litigants and attorneys in order to regulate their docket, promote judicial efficiency, and deter frivolous filings." Martinez v. Internal Revenue Serv., 744 F.2d 71, 73 (10th Cir.1984); see also Trohimovich v. Commissioner, 776 F.2d 873, 875 (9th Cir.1985); LTown Ltd. Partnership, 489 N.Y.S.2d at 572-73. As stated by the court in LTown Limited Partnership, the inherent authority of the courts is long recognized. Id. at 573. Because courts must maintain their calendars and "keep the house of the law in order," the LTown court had "no difficulty in concluding" that sanctions could be imposed in appropriate cases as part of an appellate court's inherent power. Id. (quoting Gair v. Peck, 6 N.Y.2d 97, 188 N.Y.S.2d 491, 501, 160 N.E.2d 43, 51 (1959)). We agree with that reasoning and, accordingly, hold that the absence of a statute or rule specifically permitting awards of attorney fees in appeals to the district court in administrative matters does not negate that court's inherent power to impose sanctions for misconduct in appropriate circumstances.
Further, having the power to impose sanctions for misconduct, it necessarily follows that the appellate court may inform itself of the nature and extent of the misconduct. See Trohimovich, 776 F.2d at 875. From that, it follows that the court may conduct such proceedings as necessary to so *425 inform itself and to rule on the issue. Although the Highway Department contends that the district court conducted inadequate proceedings because it did not hold an evidentiary hearing followed by the making of findings and conclusions, we need not address this procedural issue because we find that the fee award was substantively improper.
There are several issues raised by this case, some of which we must decide to determine if the fee award substantively fits within the Chambers doctrine. They are (1) whether all fees, regardless of the nature of the proceeding in which they were incurred, may be awarded; (2) whether the fee award would contravene a legislative policy that the State of New Mexico is not to be punished without specific legislative authority allowing it; (3) whether a fee award is proper for portions of the proceedings in which the ultimate prevailing party did not prevail, for example, the first appeal; (4) whether the fee award was supported by the facts; and (5) whether the fee award can be based on market rate rather than the actual fee charged. We address only the first two of these issues.
The Highway Department contends that the district court was not permitted to award fees for the work done in the administrative proceedings, which constituted the bulk of the attorney fees awarded, and that to award fees in this case would contravene the policies expressed in Torrance County Mental Health Program, Inc. v. New Mexico Health & Environment Department, 113 N.M. 593, 596-601, 830 P.2d 145, 148-53 (1992). We agree with both of these contentions.
Although Baca cites at least one case that allows attorney fees under the bad faith exception for instances in which a party's wrongful conduct caused another party to have to institute proceedings in order to protect a clearly defined right, see Archer v. Dow, 126 N.H. 24, 489 A.2d 574 (1985), that decision appears more similar in rationale to the Bassett case, relying on the obligation of fiduciaries. Thus, we do not consider it authority for the award of fees for the work done in the administrative proceeding in this case.
Other cases, including Chambers itself, make it clear that the fee award under the bad faith exception is limited to responding to the oppressive behavior of the opponent in the court proceedings. See Holt County Coop. Ass'n, 336 N.W.2d at 316; see also City Nat'l Bank & Trust Co. v. Owens, 565 P.2d 4, 8 (Okla. 1977). Thus, the Court in Chambers carefully noted that the fee award there was not for any breach of contract (the underlying complaint) but was rather for a fraud perpetrated on the lower court in order to vindicate judicial authority. Chambers, 501 U.S. at ___, 111 S.Ct. at 2138; see also id. at ___, 111 S.Ct. at 2139 (although fees were awarded for oppressive conduct before other tribunals, the rationale for those fees was not as sanctions for the conduct before the other tribunals but rather because the conduct before the other tribunals was in direct contravention of the sanctioning court's orders).
Because the fee award in this case included fees incurred in obtaining Baca's reinstatement through non-court administrative proceedings, the judgment must be reversed at least to that extent. However, even as to the portion of the fee allocated to oppressive conduct in the appellate proceedings, we must also reverse.
In Torrance County, our Supreme Court expressed a strong policy that, in the absence of legislative enactment, revenues for the operation of state and local government should not be diverted from their intended purposes to punish the derelictions of government agencies or their employees. Torrance County, 113 N.M. at 600, 830 P.2d at 152. An annotation on the issue of awarding attorney fees for bad faith litigation practices lists one case as questioning whether such an award may be made against a governmental agency at all. Daniel P. Jones, Annotation, Attorneys' Fees: Obduracy as Basis for State-Court Award, 49 A.L.R.4th 825, 834 (1986) (citing In re Wardship of Turrin, 436 N.E.2d 130 (Ind. Ct. App. 1982)). The Turrin case uses the rationale that the state, as state, does not have a state of mind and is consequently not deterred by punitive damages.
*426 This rationale is different from the Torrance County rationale. We also recognize that an aspect of the award of attorney fees under the bad faith exception is not solely punitive. Fees are awarded under this exception in part to compensate an injured party for having to hire counsel to respond to obdurate litigation practices. Another Indiana case addressed this issue in the following language:
Even though the award in the instant case may have had an incidental compensatory effect, it is the existence of bad faith on the part of the State which is the essential element triggering the award of attorney fees. See Hall v. Cole, (1973) 412 U.S. 1, 93 S.Ct. 1943, 36 L.Ed.2d 702. The award was intended as a punishment for the State's alleged oppressive misconduct and to prevent further misconduct. Because the award is premised upon a theory of punishment, the State may not be held liable for two policy reasons. First, as was noted in [State v.] Denny [(1980) 273 Ind. 556, 406 N.E.2d 240], the State does not have a "mind" that can be deterred by an award of punitive damages. Secondly, it is the citizen taxpayers who would bear the burden of this award, the same group for whose protection an award like this would be made.
State v. Hicks, 465 N.E.2d 1146, 1149-50 (Ind. Ct. App. 1984). We find the second rationale persuasive. This rationale is so like the rationale of Torrance County that we believe that Torrance County compels the result here. Nor are we persuaded by Baca's reliance on Sierra Club v. United States Army Corps of Engineers, 776 F.2d 383, 388-91 (2d Cir.1985), cert. denied, 475 U.S. 1084, 106 S.Ct. 1464, 89 L.Ed.2d 720 (1986). Although the court in that case concluded that an award of fees for bad faith litigation conduct has both a punitive and a compensatory purpose, it focused on the compensatory purpose in holding that the public-policy rationale of sparing blameless taxpayers from retribution did not apply. In reaching this conclusion, the court relied on Hutto v. Finney, 437 U.S. 678, 98 S.Ct. 2565, 57 L.Ed.2d 522 (1978). Hutto, however, considered only an Eleventh Amendment challenge to an award of attorney fees made for state officials' refusing to comply with orders designed to bring the state's prison system into constitutional compliance. Hutto did not in any way undermine City of Newport v. Fact Concerts, Inc., 453 U.S. 247, 101 S.Ct. 2748, 69 L.Ed.2d 616 (1981), the seminal case expressing the public policy reasons for precluding award of punitive damages against governments for the acts of their agents (who may individually be liable for punitive damages), and the case on which Torrance County relied for much of its rationale.
We are not persuaded that these cases militate in favor of a ruling allowing the award of attorney fees against the State in this case. In particular, we do not agree with Sierra Club in its view that any compensatory effect of attorney fees renders them awardable notwithstanding policy considerations precluding the recovery of punitive damages from the state. We believe it is more proper to focus on the basis of the award than on its effect because it is the basis of the award that allows it to be made. The underlying basis being punitive, we believe this issue to be controlled by Torrance County. Therefore, no fees may be awarded against the Highway Department for the alleged bad faith conduct of its employees.
Finally, we address the issue of costs. Baca relies on SCRA 1986, 1-054 (Repl. 1992) and NMSA 1978, Section 39-3-30 (Repl.Pamp. 1991) for the proposition that costs may be recovered against the state in this case. See Kirby v. New Mexico State Highway Dep't, 97 N.M. 692, 699, 643 P.2d 256, 263 (Ct.App.) (costs may be recovered against the state in civil damage action), cert. quashed, 98 N.M. 51, 644 P.2d 1040 (1982). Both parties assume that the Rules of Civil Procedure apply to administrative appeals, such as the case below was. Although we question that assumption, see Home Indemnity Co. v. Arapahoe Drilling Co., 115 N.M. 204, 206-07, 848 P.2d 1131, 1133-34 (Ct.App. 1993) (no rule governing the taking of an administrative appeal), we assume that SCRA 1-054 applies because the Highway Department does not argue that it does not apply. See In re Adoption of Doe, 100 N.M. 764, 765, 676 P.2d 1329, 1330 (1984) (to present *427 an issue for review, appellant must present an argument on the issue).
The issue, then, is whether Section 10-9-18 is a specific statute that provides only for the cost of the transcript, that prevails over the general statutes and rules governing costs. See In re Melissa H., 105 N.M. 678, 679, 735 P.2d 1184, 1185 (Ct.App.), cert. denied, 105 N.M. 644, 735 P.2d 1150 (1987). We do not believe that Melissa H. controls this case. Melissa H. involved a statute entitled "Court costs and expenses" that did not provide for the deposition costs sought in that case. In contrast, in this case there is no specific statute governing various types of costs. There is only a statute requiring a transcript to be prepared in connection with an appeal and providing for its payment. Section 10-9-18(D). In short, we do not believe that there exists in this case a specific statute on costs that controls over the general one. Accordingly, the general one applies, and the district court did not err in awarding costs under it.
We reverse the award of attorney fees, but affirm the award of costs against the Highway Department.
IT IS SO ORDERED.
DONNELLY and HARTZ, JJ., concur.