751 P.2d 188

**Eusebio BUSTOS, Petitioner–Appellee,**

v.

**Rose Mary GILROY (Bustos), Respondent–Appellant.**

**No. 9429.**

Court of Appeals of New Mexico.

Feb. 2, 1988.

E. James Hardgrave, Las Vegas, for petitioner-appellee.

Thomas Patrick Whelan, Jr., Santa Fe, for respondent-appellant.

## OPINION

GARCIA, Judge.

This appeal concerns a domestic relations dispute. Petitioner, Eusebio Bustos (husband) sought a dissolution of marriage, custody of two minor children and child support. Respondent, Rose Mary Gilroy (wife) counter-petitioned also seeking a dissolution of marriage, custody, support, and an equitable division of the parties' property and indebtedness. The major dispute in this appeal concerns wife's attorney fees and legal costs incurred as a result of the divorce. At trial, wife sought to have the parties' attorney fees and costs declared a community debt and equally divided. In the alternative, she requested an award of her own attorney fees alleging that economic disparity justified a fee award.

The trial court entered a partial decree dissolving the marriage, awarding wife exclusive custody of the children, awarding husband specific visitation rights and ordering him to pay child support. Judgment was reserved on the remaining property, debt and attorney fee issues. In a subsequent letter decision, the trial court determined that the community debts equaled the stipulated value of the communal assets. The assets and corresponding debts were awarded to husband.

The trial court rejected wife's argument that the parties' aggregate attorney fees be considered community debts and divided between them. Instead, the court directed that each side pay his or her own attorney fees and costs. The trial court further denied wife's request for attorney fees based on its determination that there was no economic disparity between the parties and that a fee award was not necessary for the efficient preparation and presentation of wife's case.

Wife's appeal raises numerous issues. Many of the claimed errors overlap and

concern the trial court's determinations and rulings on attorney fees. We discuss these issues separately. Additionally, wife contends that the trial court erred in finding that a $2,000 loan was a community debt and lastly, that the court erred in denying wife's motion for a new trial.

### I. Attorney Fees

a. Whether the parties legal expenses incurred pursuant to their divorce are presumed a community debt.

Principally, wife argues that the parties' legal expenses relating to their divorce were presumptively community debts under NMSA 1978, Section 40–3–9 (Repl.1986) and in the absence of a showing by husband sufficient to overcome the presumption, the court should have declared these costs and expenses community debts and should have divided them equally between the parties.

Wife argues that we are faced with a threshold determination of whether NMSA 1978, Section 40–4–7 (Repl.1986) (expenses of divorce proceedings) or Section 40–3–9 (separate or community debts) is the statute applicable to this proceeding. We disagree that one statute must be considered to the exclusion of the other. Rather, we see the law relating to domestic relations as a mosaic. While composed of separate and distinct pieces, it should be viewed in total, and construed, if possible, so as to produce a harmonious whole. *See Mathieson v. Hubler,* 92 N.M. 381, 588 P.2d 1056 (Ct.App.1978). Statutes should be construed so that no word and no part of the statute is rendered surplusage or superfluous. *Katz v. New Mexico Dep't of Human Servs. Income Support Div.,* 95 N.M. 530, 624 P.2d 39 (1981). A review of the proceedings here, including the record proper, the trial court's decision letter, and findings and conclusions indicate that the trial court considered both Sections 40–3–9 and 40–4–7 in arriving at its final decision.

Wife relies on *Christiansen v. Christiansen,* 100 N.M. 102, 666 P.2d 781 (1983) to support her argument that legal expenses must be treated as community debts. Wife's reliance on *Christiansen,* however, is misplaced. In *Christiansen,* the trial court treated both husband's and wife's litigation expenses as communal debts. Wife challenged the trial court's refusal to award her attorney fees and costs. On appeal, the supreme court held that the trial court did not abuse its discretion in its rulings concerning the legal fees.

*Christiansen* neither compels the result wife seeks in the present case nor applies a presumption of community indebtedness. Under the facts of *Christiansen,* the supreme court simply indicated that the trial court did not abuse its discretion in treating legal expenses as community debts or in denying wife's request for a fee award.

■ Although we disagree with wife that legal expenses incurred pursuant to the parties' divorce are presumptively community debts, we agree with her argument, that the trial court erred in concluding that no portion of her attorney fees constitute a communal expense. Section 40–3–9(B) provides that a community debt means a debt contracted or incurred by either spouse during marriage which is not a separate debt. NMSA 1978, Section 40–3–10.1 (Repl.1986) provides that "[t]he court, at the time of the final decree of dissolution of marriage, may declare, as between the parties, a debt to be unreasonable *if* it was incurred by a spouse while the spouse was living apart *and* the debt did not contribute to the benefit of both spouses *or their dependents.*" (Emphasis added.) It is clear that both conditions must be satisfied before a debt may be considered "unreasonable." Thus, a debt incurred while the parties were living apart which did not benefit both parties or their dependents may be deemed unreasonable and considered the separate debt of the party incurring such expense.

It is undisputed that wife's attorney fees were incurred during marriage but while the parties were living apart. Thus, the first portion of the statutory test is satisfied. The trial court further refused to find that wife's attorney fees contributed in part to the benefit of the children. Accordingly, the trial court found and con-

cluded that wife's attorney fees were unreasonable under Section 40–3–10.1 and, thus, wife was solely responsible for their payment. It is this finding that causes us pause. We can locate no evidence to support the court's determination that wife's attorney fees did not, in any respect, benefit the parties' dependents. To the contrary, the court specifically determined that it was in the best interest of the children that wife retain exclusive legal and physical custody of the children. Thus, the trial court determined both that wife's expenditures for attorney fees did not benefit the children, but that the settlement negotiated by wife's New Mexico attorney was in the best interest of the children. Wife argues, and we agree, that there is an inherent conflict in these findings.

Shortly after moving to New York in May 1985, wife retained New York attorney David Kagan (Kagan) to give her legal advice as to the parties' separation and probable divorce. A week later, husband filed for divorce and sought custody of the children and child support. Wife counterclaimed for custody and child support. Shortly thereafter, but during the pendency of the New Mexico proceeding, Kagan obtained a temporary custody order on behalf of wife.

In late June or early July, Kagan spoke with husband's attorney concerning contact between husband and wife, the children, and the possibility of a reconciliation or settlement between the parties. Kagan also aided mother in obtaining the services of New Mexico attorney Thomas Patrick Whelan (Whelan).

Husband actively sought custody from June 1985, when his complaint was filed, until approximately March 1986, when Whelan successfully negotiated a favorable settlement whereby husband finally agreed to settle the child custody issue and stipulate that the childrens' custody should be placed with wife. Moreover, Whelan also helped effect a stipulation and settlement of the thorny issue of child visitation. Unable to agree on the issue of child support, however, wife was required to litigate that

matter before the court. Wife succeeded in obtaining an award of child support.

Resolving issues of child custody, visitation and support necessarily require a determination of what is in the best interest of the children. The trial court's finding that none of wife's attorney fees, including that portion expended towards resolving issues involving the children, benefited the children, is contrary to the evidence.

A judgment cannot be sustained on appeal unless the conclusion upon which it is based finds support in the findings of fact. *Worland v. Worland*, 89 N.M. 291, 551 P.2d 981 (1976). A finding of fact, however, will not be upheld on appeal unless it can be sustained by the evidence or inferences made therefrom. *Barber's Super Markets, Inc. v. Stryker*, 84 N.M. 181, 500 P.2d 1304 (Ct.App.1972).

Although arguably wife was the primary beneficiary of her legal services, in light of the court's findings that the custodial arrangements were in the children's best interest, we hold that those legal fees wife incurred by seeking settlement of child custody and visitation constitute community debts under Section 40–3–10.1. Moreover, those attorney fees wife incurred as a result of litigating the issue of child support likewise constitute a communal expense. Thus, finding nos. 10 and 11 are error. Accordingly, the trial court's finding and ultimate conclusion that all wife's attorney fees are excessive and unreasonable is likewise error. Hence, we reverse the court's determination that *no* portion of wife's attorney fees constitute community debts.

We remand this matter to the trial court in order that the court determine what portion of wife's attorney fees benefited the parties' dependents. Those fees shall be declared communal debts. Revised findings should be entered and a disposition of these and other community debts shall be made by the trial court. Although a portion of father's attorney fees were likewise expended towards benefiting the children in both negotiating a settlement and litigating child support, father failed to preserve the issue below. *See Hamel v. Winkworth*, 102 N.M. 133, 692 P.2d 58 (Ct.App.

1984). Father, likewise, failed to raise the issue on appeal and, thus, we will not consider it. *Robison v. Katz*, 94 N.M. 314, 610 P.2d 201 (Ct.App.1980).

    b. Whether the trial court erred in refusing to award wife attorney fees pursuant to Section 40–4–7(A).

Wife alternatively alleges that the trial court erred in refusing to grant her an award of her attorney fees based upon her period of unemployment when she moved to New York. Wife argues that her unemployment resulted in economic disparity which justified such an award. She further asserts that the trial court erred by speculating on her future income in its determination that there was no economic disparity between the parties which would allow her an award of attorney fees. We disagree.

■ Section 40–4–7(A) allows the trial court, in its discretion, to make an order, relative to the expenses of the proceedings, as will ensure either party an efficient preparation and presentation of his case. The supreme court has consistently held that it is within the discretion of the trial court to determine whether to award attorney fees and an appellate court may reverse that determination only if there has been an abuse of discretion. *Henderson v. Lekvold*, 99 N.M. 269, 657 P.2d 125 (1983); *Seymour v. Seymour*, 89 N.M. 752, 557 P.2d 1101 (1976). If there is economic disparity between the parties in a domestic relations case, such that one party may be inhibited from preparing or presenting a claim, then the trial and appellate courts should be liberal in exercising their discretion to award attorney fees to discourage any potential judicial oppression. *Allen v. Allen*, 98 N.M. 652, 651 P.2d 1296 (1982). "In determining whether to award attorney fees, a court should consider all factors, including the nature of the proceedings, the complexity of the issues, the relief sought and recovered, the ability of the parties' attorneys and the ability of both parties to pay." *Fitzsimmons v. Fitzsimmons*, 104 N.M. 420, 429, 722 P.2d 671, 680 (Ct.App. 1986) (citing *Michelson v. Michelson*, 89

N.M. 282, 551 P.2d 638 (1976)). The relative financial status of the parties and their ability to employ counsel are further relevant and necessary inquiries. *Michaluk v. Burke*, 105 N.M. 670, 735 P.2d 1176 (Ct. App.1987); *Berry v. Meadows*, 103 N.M. 761, 713 P.2d 1017 (Ct.App.1986) (citing *Henderson v. Lekvold*).

In *Fitzsimmons*, we noted that both parties were employed and earning their own income at the time of the trial court's hearing and held that, notwithstanding that husband's income was more than twice that of wife, the trial court did not abuse its discretion in determining that each party pay their respective counsel. Similarly, in the present case, the trial court found that while the parties were together in New Mexico, wife's annual income of approximately $21,500 was larger than husband's income and that wife paid most household expenses. At the time of trial, wife was employed at an annual salary of approximately $28,000 and was to receive child support from husband. Wife's salary at the time of trial was greater than husband's. Moreover, due to wife's superior education, training and experience, her earning potential was greater than husband's. The trial court noted that since both parties had able counsel and both had an income at the time of the formal hearing, neither had an unfair financial advantage over the other. Accordingly, the trial court found that an award of fees was not necessary and denied wife's request.

■ The trial court's findings regarding the absence of economic disparity are supported by substantial evidence. Although we do not view the trial court's denial of attorney fees as error, success on the merits is a factor which the trial court may properly consider in awarding attorney fees. *See Fitzsimmons v. Fitzsimmons*. Thus, in light of wife's success on appeal, we suggest the trial court reconsider its ruling under Section 40–4–7(A).

  II.  Whether the trial court erred in its division of community property and community debts.

■ Wife's alleges the trial court erred in the division of community property and

community debts. Wife submits that the trial court's finding that a $2,000 debt to James Gilroy, her brother, was a community debt is unsupported by any evidence. Wife further contends that as a result of this error husband was awarded $6,000 worth of community property in return for assuming $4,000 in community debts. Citing *Michelson v. Michelson,* and *Hughes v. Hughes,* 91 N.M. 339, 573 P.2d 1194 (1978), wife argues that this result violates the rule of equal division of community property and debts. We note that the general rule to which wife refers is tempered by the longstanding recognition that mathematical exactness in community division is neither expected nor required and that a proper apportionment of community property and debts depends on what is fair considering all of the evidence with reference to the facts and circumstances of each case. *Michelson v. Michelson; Laughlin v. Laughlin,* 49 N.M. 20, 155 P.2d 1010 (1944). *See Sparks v. Sparks,* 84 N.M. 267, 502 P.2d 292 (1972).

█ In this case, although the expenditure of the $2,000 loan is unclear, the uncontroverted evidence is that the debt was incurred while the parties were married and living together. It is presumed that debts incurred during the marriage are debts of the community. *First Nat'l Bank v. Abraham,* 97 N.M. 288, 639 P.2d 575 (1982). Thus, the burden was on wife, as the party asserting that the loan was husband's separate debt, to present evidence sufficient to rebut the presumption of community debt. On appeal, wife points to no evidence in the record from which the trial court could have determined that wife overcame that presumption. This unrebutted presumption suffices to support the trial court's finding of community debt. Considering the above together with the deference generally afforded the trial court in such matters, nothing in the record suggests that the trial court erred in its ruling on the community assets and debts.

Our decision that a portion of wife's attorney fees constitute a community debt, however, will alter the trial court's prior distribution of community property and debts. Thus, on remand, the trial court must reconsider its distribution of both community debts and community property.

III. Whether the trial court erred in refusing to grant wife a new trial.

█ In her final argument, wife submits that the district court abused its discretion when it denied her motion for a new trial. The motion was supported by wife's affidavit which alleged that subsequent to the final hearing held on February 3, 1986, husband told her that he had lied when he denied, under oath, that he had threatened her and the children with a loaded revolver, and that he did so to protect his brother, a district attorney, from embarrassment. Wife argues on appeal that this alleged occurrence constituted newly discovered evidence of perjury, and that the impact of his lie affected the trial court's determination that her New York legal expenses were unreasonable.

Husband claims this issue does not appear in the docketing statement; wife replies that it does, either expressly or by necessary implication under the appellate court's policy of reading docketing statements liberally. *See State v. Rael,* 100 N.M. 193, 668 P.2d 309 (Ct.App.1983). Even assuming, without deciding, that the issue is properly before this court, based on our holding that the findings and conclusions in the final decree regarding legal fees are supported by substantial evidence, wife's argument fails to persuade us. Moreover, even if the allegations of wife's affidavit are assumed true, both parties had already testified about the revolver incident. Therefore, the allegations would not constitute newly discovered evidence, but rather would go only to the credibility of husband's testimony. Wife presently has exclusive custody of the children and the allegations would not assist her in establishing a basis for the award of her legal expenses under the applicable law. Accordingly, the trial court did not abuse its discretion in denying wife's motion for a new trial.

## CONCLUSION

We remand to the trial court for a determination of what portion of wife's attorney fees were expended in settling child custody and visitation and litigating child support. Accordingly, we direct the trial court to reconsider both wife's argument regarding the award of attorney fees under Section 40–4–7(A) and the distribution of community property and debts. We further direct the trial court to enter revised findings consistent with our mandate. We affirm, however, the trial court's refusal to grant wife a new trial. Wife is awarded costs and attorney fees of $1,500 on appeal.

IT IS SO ORDERED.

DONNELLY, C.J., and ALARID, J., concur.