894 P.2d 1034

**Joseph C. MONSANTO, Petitioner–Appellant,**

v.

**Mary Elizabeth MONSANTO, aka Mary Elizabeth Thomas, Respondent–Appellee.**

No. 15561.

Court of Appeals of New Mexico.

April 20, 1995.

Elizabeth A. Musselman, John William Clever, Leverick and Musselman, P.C., Taos, for petitioner-appellant.

Susan Schaefer McDevitt, Susan Schaefer McDevitt and Susan Lee Gumbrecht, a Professional Ass'n, Caroline Bass, Santa Fe, for respondent-appellee.

## OPINION

APODACA, Chief Judge.

Joseph C. Monsanto (Husband) appeals from the trial court's order awarding $20,000 in attorneys' fees to Mary Elizabeth Monsanto (Wife). Husband raises two issues on appeal: (1) whether the trial court abused its discretion in awarding attorneys' fees to

Wife, and (2) whether the award of attorneys' fees to Wife was supported by substantial evidence. We hold that the trial court properly considered the economic disparity between the parties and the parties' access to financial resources. In so holding, we determine that the trial court's award of attorneys' fees was supported by substantial evidence and that no abuse of discretion occurred. We thus affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

The facts relevant to this appeal are not complicated. On April 8, 1992, Husband filed a petition for legal separation. Later that month, Wife filed a petition for dissolution of marriage. Both parties sought custody of their minor child. Following a protracted child custody dispute, Husband and Wife entered into a stipulated child custody agreement and later into a marital settlement agreement. Husband obtained custody of the child.

Husband and Wife both incurred substantial attorneys' fees and costs during the course of the litigation. The record indicates that Wife incurred approximately $60,000 in attorneys' fees and that Husband incurred approximately $40,000 in attorneys' fees.

On February 2, 1994, the trial court issued an informal letter decision, indicating that Husband would be ordered to pay attorneys' fees to Wife in the amount of $20,000. Specifically, the letter decision stated:

> *[Wife's] request for an award of attorneys fee.* Both parties have incurred substantial attorneys fees in this cause. Both have received the assistance of their families in financing their efforts. Throughout the course of this case, [Wife] has been unreasonable in her failure to recognize the difficulties caused by some of her actions, and [Husband] has been recalcitrant, angry, and unwilling to resolve the issues.
>
> [Husband] has testified that he is provided a credit card, with a line of credit up to $10,000 per month, which is paid for by his mother. Although he is not currently entitled to the assets of his mother's trust, he benefits from family resources each and every month, and has for some time. He

has been unemployed during the litigation, and was for some time prior to that. It would be a mistake not to take into account his access to resources, as that access is a part of the wealth that allows him to pursue a particular lifestyle.

> [Wife] has been employed as a registered nurse during the course of this litigation, until she recently quit her job to give birth to a second child. She is now living with her mother. During the litigation she has borrowed money from her mother. She has been able to effectively prosecute this action, but is expected to repay the moneys borrowed.
>
> Given the disparity in resources, [Husband] will be ordered to pay attorneys fees to [Wife] in the amount of $20,000.00.

Following this decision letter, both parties submitted proposed findings of fact and conclusions of law on the attorneys' fees issue. On April 6, 1994, the trial court entered a formal order awarding $20,000 in attorneys' fees to Wife.

## II. DISCUSSION

### A. Preservation of Issues for Review

■ Wife initially argues that Husband failed to preserve the issues raised on appeal and thus waived his right to appellate review because he did not timely present findings of fact and conclusions of law to the trial court. *See Cockrell v. Cockrell,* 117 N.M. 321, 323, 871 P.2d 977, 979 (1994). We disagree. The record indicates that Husband submitted proposed findings of fact and conclusions of law to the trial court before the entry of its formal order awarding attorneys' fees to Wife. Thus, we hold that Husband adequately preserved the issues for review. *See* SCRA 1986, 1–052(B)(1)(f) (Repl.1992) (tendering findings and conclusions to preserve appellate review); *cf. Fenner v. Fenner,* 106 N.M. 36, 44, 738 P.2d 908, 916 (Ct.App.) (party who does not tender specific findings of fact waives review of findings on appeal), *cert. denied,* 106 N.M. 7, 738 P.2d 125 (1987).

### B. Award of Attorneys' Fees

Generally, New Mexico follows the "American Rule" regarding the award of attorneys'

fees. *See State ex rel. Highway & Transp. Dep't v. Baca,* 116 N.M. 751, 752–53, 867 P.2d 421, 422–23 (Ct.App.1993), *cert. granted,* 116 N.M. 801, 867 P.2d 1183 (1994). Under this rule, a party generally may not recover attorneys' fees unless authorized by a statute, a court rule, or an agreement expressly permitting their recovery. *See Central Adjustment Bureau, Inc. v. Thevenet,* 101 N.M. 612, 614, 686 P.2d 954, 956 (1984); *Baca,* 116 N.M. at 753, 867 P.2d at 423.

Specifically, New Mexico statutory law does authorize the trial court to award attorneys' fees in domestic relations cases. *See* NMSA 1978, § 40–4–7(A) (Repl.Pamp.1994). Section 40–4–7(A) provides:

> In any proceeding for the dissolution of marriage, division of property, disposition of children or spousal support, the court may make and enforce by attachment or otherwise an order to restrain the use or disposition of the property of either party, or for the control of the children, or to provide for the support of either party during the pendency of the proceeding, as in its discretion may seem just and proper. *The court may make an order, relative to the expenses of the proceeding, as will ensure either party an efficient preparation and presentation of his case.*

(Emphasis added.) This statute "ensure[s] either party an efficient preparation and presentation of his case." *Bustos v. Gilroy,* 106 N.M. 808, 812, 751 P.2d 188, 192 (Ct.App. 1988).

Thus, under Section 40–4–7(A), the determination of whether to grant an award of attorneys' fees and the amount of such award is within the discretion of the trial court and will be reviewed only to determine whether there has been an abuse of discretion. *See id.; Fitzsimmons v. Fitzsimmons,* 104 N.M. 420, 429, 722 P.2d 671, 680 (Ct. App.), *cert. quashed,* 104 N.M. 378, 721 P.2d 1309 (1986); *Berry v. Meadows,* 103 N.M. 761, 770, 713 P.2d 1017, 1026 (Ct.App.1986). In divorce actions, the trial court's discretion must be exercised with the purpose of insuring each party efficient case preparation and presentation. *Berry,* 103 N.M. at 770, 713 P.2d at 1026; *see* § 40–4–7(A).

In particular, if economic disparity exists between the parties, such that one party may be inhibited from preparing or presenting a claim, the trial court should liberally exercise its discretion so as to remove that inhibition and assist the needy party. *See Allen v. Allen,* 98 N.M. 652, 655, 651 P.2d 1296, 1299 (1982); *Schuermann v. Schuermann,* 94 N.M. 81, 84, 607 P.2d 619, 622 (1980); *Michaluk v. Burke,* 105 N.M. 670, 676, 735 P.2d 1176, 1182 (Ct.App.1987). Thus, it is appropriate for the trial court to consider the parties' access to financial resources when exercising its discretion in awarding attorneys' fees. *See, e.g., Mattox v. Mattox,* 105 N.M. 479, 487, 734 P.2d 259, 267 (Ct.App.1987); *Blake v. Blake,* 102 N.M. 354, 365, 695 P.2d 838, 849 (Ct.App.1985).

Although there is authority for the proposition that the trial court may consider the parties' access to financial resources when awarding attorneys' fees in a divorce action, New Mexico case law is limited on this subject. This case, therefore, presents an issue not previously discussed by our courts: to what extent a trial court may consider a party's access to financial resources when awarding attorneys' fees in a divorce action to ensure the opposing party an efficient case preparation and presentation when there is economic disparity between the parties. Stated more specifically, what is the *nature* of the financial resources that a trial court may rely on in awarding attorneys' fees based on economic disparity?

Husband argues that the trial court abused its discretion in awarding attorneys' fees to Wife because it imputed to him, as financial resources and assets, money that was solely in the control of third parties and property over which he had no legal control. Specifically, Husband contends that the trial court incorrectly imputed the value of a credit card with a $10,000 monthly limit and payable by his mother, because it could be revoked by his mother at any time. He contends that it was also an abuse of discretion to impute to him the distribution of money from a trust fund or annual gifts made in anticipation of inheritance and to avoid taxes, because such assets were modifiable at the will of a third party, and as such, were not under Hus-

band's control. Thus, Husband argues, the trial court should not be allowed to consider such resources because they are unreliable and may not be available in the future. We disagree.

This case does not deal with a situation concerning a future and ongoing obligation to pay, such as child support or alimony. In terms of money and resources available to Husband in the future to pay future obligations, it might well be an abuse of discretion to include these resources, an issue we need not decide at this time. Yet, the attorneys' fees awarded here are not a future obligation dependent on an estimate of future income or financial resources. Rather, the award represents a one-time payment to correct an imbalance in the past that has already happened, essentially to reimburse Wife and enable her retroactively to finance a comprehensive and fruitful presentation of her case for the benefit of the trial court. Just as the issue revolves around imbalance and inequality between the parties in the past (during the presentation of the case to the trial court), the assets and resources available to the predominant party should be examined with regard to the same period. It is irrelevant what money Husband may have in the future. What we are concerned with in this case is not Husband's right to future financial resources, but rather, what resources Husband had available to him at the time of trial. Although Husband argues that his right to future credit card and trust disbursements is speculative, we find this fact unpersuasive. Although the speculative nature of Husband's future resources may cause concern in cases imposing a future obligation dependent on an estimate of future income and future resources such as cases involving child support, it causes no such concern here, where we are dealing with attorneys' fees incurred in the past and to be paid in the present.

Here, the record indicates that the trial court considered the financial status of the parties and the disparity in ability to pay based on Husband's access to considerable financial resources. The trial court's letter decision stated in part that Husband

is provided a credit card, with a line of credit up to $10,000 per month, which is paid for by his mother. Although [Husband] is not currently entitled to the assets of his mother's trust, he benefits from family resources each and every month, and has for some time.... It would be a mistake not to take into account [Husband's] access to resources, as that access is a part of the wealth that allows him to pursue a particular lifestyle.

The trial court properly considered the economic disparity between Husband and Wife and the parties' access to financial resources when making its attorneys' fee award. We thus determine there was no abuse of discretion.

## C. Evidence in Support of the Award of Attorneys' Fees

### 1. Trial Court's Findings of Fact and Conclusions of Law

Husband contends that the trial court erred in entering its order awarding attorneys' fees because it did not do so in a writing containing separately stated findings of fact and conclusions of law as required by SCRA 1986, 1–052(B)(1)(a). We disagree for several reasons. First, although a trial court is required to set forth its findings of fact and conclusions of law "[u]pon the *trial* of any case by the court," it is under no such duty when making decisions on motions. *Id.* (emphasis added). Here, the issue concerning attorneys' fees was before the trial court in the context of a motion, not in a bench trial. Therefore, the trial court was not required to render its decision regarding attorneys' fees in a writing containing separately stated findings of fact and conclusions of law.

Additionally, the trial court's formal order awarding attorneys' fees expressly incorporated its February 8, 1994 letter decision. The letter decision adequately set forth the bases for the trial court's later order awarding attorneys' fees to Wife. *See, e.g., McCaffery v. Steward Constr. Co.,* 101 N.M. 51, 55–56, 678 P.2d 226, 230–31 (Ct.App.1984) (it is sufficient if the decision sets forth the findings and conclusions).

## 2. Substantial Evidence

██ Husband argues that the trial court's findings of fact upon which it awarded attorneys' fees were not supported by substantial evidence regarding the parties' access to financial resources. *See Newhouse v. Chavez,* 108 N.M. 319, 325, 772 P.2d 353, 359 (Ct.App. 1988) ("Lacking substantial evidence to support these findings, they cannot support the costs award [in a dissolution action]."), *cert. denied,* 108 N.M. 197, 769 P.2d 731 (1989). We disagree. The record reflects that the trial court's award of attorneys' fees was supported by substantial evidence. For example, Wife's April 27, 1992 affidavit, which indicated that Husband "lives on his mother's credit card and has a monthly credit line of $10,000 paid entirely by his mother's bank." Husband introduced no evidence to dispute this contention. To the contrary, Husband's testimony supported statements set forth in Wife's affidavit. For example, Husband testified that an airline ticket to Las Vegas and meals during that trip were charged to a credit card in his name, but paid for by his mother. In a later hearing, Husband also acknowledged that he had access to "a credit card with a limit that was already stated."

Apart from testimony specifically relating to the credit card, Husband testified that his lodging on the Las Vegas trip was provided by a trust fund, that he received gift distributions of $30,000 to $40,000 a year from the trust as controlled by his mother, and that he also received additional trust fund money, the amount of which he declined to disclose for "my personal security reasons."

Additionally, Husband's attorneys' fees were paid from the family trust. He did not have to pay his attorneys' fees from either his current income or from his share of community assets. Wife, on the other hand, had to pay her attorneys' fees from either current assets or from an expectation in the division of the community property.

In contrast to the evidence showing Husband's access to considerable financial resources, Wife's affidavit further indicated that her gross monthly income as a nurse varied from $1,400 to $2,000 per month. Again, Husband presented no evidence that Wife received additional money from other sources. Although the trial court's finding that Wife was expected to repay money she borrowed from her mother was not supported by evidence other than counsel's assertions, we hold that the evidence of economic disparity nevertheless supported the trial court's award of $20,000 to Wife. *See, e.g., Landavazo v. Sanchez,* 111 N.M. 137, 138, 802 P.2d 1283, 1284 (1990) (substantial evidence is such relevant evidence that a reasonable mind would find adequate to support a conclusion).

Nevertheless, Husband argues that the trial court erred because it did not base its decision to award attorneys' fees on a full inquiry into the parties' financial resources. We note, however, that Husband failed to present evidence favorable to his position below. If Husband wanted to present additional evidence on the parties' access to financial resources, he could have requested such an opportunity from the trial court. We have no reason to believe the trial court would not have afforded him that right. *Cf. Lopez v. K.B. Kennedy Eng'g Co.,* 95 N.M. 507, 507–08, 623 P.2d 1021, 1021–22 (Ct.App. 1981) (where defendants failed to request findings of fact and conclusions of law and failed to include any evidence in record on attorneys' fees, such would preclude review of question argued and this Court would not test reasonableness of attorneys' fees awarded by trial court).

We also disagree with Husband's contention that the trial court erred in taking into consideration the relative wealth of Husband's mother. The record reflects that the trial court based its decision regarding attorneys' fees, not on Husband's mother's wealth, but on financial resources *available to Husband. See Mattox,* 105 N.M. at 487, 734 P.2d at 267. Evidence that Husband's mother was the source that provided Husband with resources does not change the fact that Husband had considerable financial resources available to him.

## III. CONCLUSION

We affirm the trial court's award of attorneys' fees to Wife. We award attorneys' fees to Wife on appeal in the amount of $3,000.

**IT IS SO ORDERED.**

BOSSON, J., concurs.

DONNELLY, J., specially concurs.

DONNELLY, Judge (specially concurring).

I concur with the majority in affirming the trial court's award of attorney fees to Wife. I am unable to agree, however, with the majority's determination that the trial court, in a suit for dissolution of marriage and award of child custody, may base such award on the fact that there is a disparity of resources between the parties based on the fact that Husband's family has given him monthly financial assistance in the past and may do so in the future. Instead of recognizing a rule permitting an award of attorney fees to Wife based on moneys Husband may or may not continue to receive from his family, and which moneys he has no present right of control over, I would uphold the trial court's award of attorney fees based upon evidence contained in the record indicating Wife's need for such award, and that Husband has other current assets within his control evidencing a financial ability to pay such award. *See Williams v. Williams,* 109 N.M. 92, 95, 781 P.2d 1170, 1173 (Ct.App.) (reviewing court will affirm trial court even though it reaches the right result for the wrong reason), *cert. denied,* 109 N.M. 54, 781 P.2d 782 (1989). Additionally, I would support the trial court's award of attorney fees based on its finding that Husband's conduct during the litigation contributed in part to the ultimate expense and complexity of the litigation, thereby increasing Wife's overall costs and attorney fees. *Id.*

The central issue posed by this appeal is whether there is substantial evidence to support the trial court's order directing Husband, a college student who received monthly financial assistance from his family, to pay $20,000 towards Wife's total attorney fees of $57,791.13 in this action for dissolution of marriage and child custody. Because this case involves issues of first impression, the extent to which the trial court can consider financial help proffered by the respective families of the parties in making an award of attorney fees, and the degree that the conduct and actions of the parties during the

pendency of litigation played in increasing the overall cost of litigating this case, I would uphold the trial court's award on evidence other than the resources of Husband's family.

Absent a showing that a party, who is called upon to pay an award of attorney fees, has sufficient assets within his control or means and ability to pay an award of attorney fees premised on the fact that one party's family has been generous in providing financial income to a son or a daughter in the past should not constitute the basis for determining the existence of financial disparity of the parties or computing the amount of an award of attorney fees. In *Bromante v. Bromante,* 577 So.2d 662, 663 (Fla.Dist.Ct. App.1991), the court quoted from *Azzarelli v. Pupello,* 555 So.2d 1276, 1277 (Fla.Dist.Ct. App.1989), stating: " 'The financial resources that should be considered in assessing the relative financial ability of the parties are the resources the parties have available without their having to look beyond the financial resources subject to their individual control.' "

In a letter opinion dated February 2, 1994, the trial court faulted both parties for complicating and extending the litigation, noting that during the course of the litigation Husband had been unemployed and that Wife had worked as a registered nurse until she resigned to move to Vermont to live with her mother. The trial court also found that "[d]uring the litigation [Wife] has borrowed money from her mother. She has been able to effectively prosecute this action, but is expected to repay the moneys borrowed. Given the disparity in resources, [Husband] will be ordered to pay attorneys fees to [Wife] in the amount of $20,000.00."

On August 4, 1993, Husband and Wife agreed to an order regarding child custody and a partial marital settlement. Under the agreement, Wife received $64,500 to equalize the award of community property between the parties, and Husband received real estate having a substantial value.

The primary test in New Mexico for awarding attorney fees in a divorce case *is a showing of economic disparity, the need of one party, and the ability of the other to pay.*

*Berry v. Meadows,* 103 N.M. 761, 770, 713 P.2d 1017, 1026 (Ct.App.1986). Hand in hand with the foregoing factors is a requirement that the party seeking an award of attorney fees make a showing concerning the nature and reasonableness of the requested fees. The amount billed for the time spent and the effort expended by an attorney, while relevant, is not solely determinative of a reasonable award of attorney fees. *See Fryar v. Johnsen,* 93 N.M. 485, 487, 601 P.2d 718, 720 (1979); *see also Rasband v. Rasband,* 752 P.2d 1331, 1336 (Utah Ct.App. 1988) (reasonable attorney fees are not measured by amount billed). Other relevant factors to be considered in making an award of attorney fees include: the nature and character of the litigation, the amount involved, the importance of the litigation and the benefits derived therefrom, the experience and ability of counsel, and the fee customarily charged in the community for similar services. *See Fryar,* 93 N.M. at 488, 601 P.2d at 721.

This case highlights the role of the trial court in computing an award of attorney fees where the evidence indicates that the conduct of one or both of the parties may have unnecessarily prolonged the litigation and substantially increased the amount of attorney fees incurred. In such case, the offending party's or parties' behavior becomes a factor to be considered in determining an appropriate award of attorney fees, together with other relevant matters. *In re Marriage of Morrow,* 53 Wash.App. 579, 770 P.2d 197, 203 (1989) (an important consideration apart from the ability of the respective parties to pay attorney fees is extent to which one spouse's conduct has resulted in incurring additional legal services); *cf. Hakkila v. Hakkila,* 112 N.M. 172, 180, 812 P.2d 1320, 1328 (Ct.App.) (abuse of discovery rules may constitute factor to be considered in award of attorney fees to opposing party), *cert. denied,* 112 N.M. 77, 811 P.2d 575 (1991).

I would uphold the trial court's award of attorney fees on the grounds discussed above, not upon the fact that Husband's family has assisted him in the past or may provide him with future financial help.