This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**MARK MINTEER,**

Petitioner-Appellee,

**v.**                                             **NO. 30,019**

**DIANE SUDLOW,**

Respondent-Appellant

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Elizabeth E. Whitefield, District Judge**

Sutin, Thayer & Browne, P.C.
Derek V. Larson
Kerry C. Kiernan
Albuquerque, NM

for Appellee

Diane J. Sudlow
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**FRY, Chief Judge.**

Mother appeals from the district court's order on child support. We proposed to affirm in a calendar notice, and Mother has responded with a memorandum in

opposition. We have duly considered Mother's arguments, but we are not persuaded by them. We affirm the district court's decisions.

Mother filed a memorandum in opposition to our calendar notice on April 5, 2010. On April 8, 2010, Mother filed a motion to amend her memorandum in opposition and an amended memorandum in opposition. Initially, we point out that Mother's amended memorandum in opposition was not timely under our rules, and in any event, our appellate rules do not allow for the filing of an amended memorandum in opposition. *See* Rule 12-210 NMRA. Futhermore, the additions made to the memorandum in opposition refer to authorities from other jurisdictions or legal publications, but Mother fails to explain how these arguments were preserved in the district court. *See Woolwine v. Furr's, Inc.*, 106 N.M. 492, 496, 745 P.2d 717, 721 (Ct. App. 1987) ("To preserve an issue for review on appeal, it must appear that appellant fairly invoked a ruling of the trial court on the same grounds argued in the appellate court."); *see also State v. Lopez*, 2008-NMCA-002, ¶ 8, 143 N.M. 274, 175 P.3d 942 (filed 2007) (stating that the primary purposes for the requirement of preservation are to specifically alert the trial court to claimed error so any mistake can be corrected, to allow the opposing party an opportunity to respond to the claim of error, and to create a record sufficient for review by the appellate court). As discussed in our calendar notice and in this opinion, the district court's decisions regarding child support and attorney fees were in compliance with New Mexico law, and we therefore find it unnecessary to look at law from other jurisdictions, particularly because there is nothing to show that the arguments were preserved for purposes of appeal. For

these reasons, we deny Mother's motion to amend her memorandum in opposition and we do not consider the arguments made in the amended memorandum in opposition.

Mother continues to argue that the district court erred in calculating Father's income for purposes of child support. Father is a shareholder in a Subchapter S corporation. According to Mother, Father's income should include shareholder distributions, quarterly bonuses, income retained by the corporation, and "unaccounted for" deposits. As discussed in our calendar notice, the district court heard testimony regarding the monies that Mother contended should be considered as income to Father, and that testimony was determined to be credible. The testimony showed that distribution from retained earnings are used for payment of a life insurance policy on his partner's life, as required by the shareholders' agreement, and Father was paid bonuses, included in his wages, for the cost of the life insurance premiums. [RP 674] The testimony showed that shareholder distributions were for payment of taxes on the corporation's earnings. [RP 676] The testimony showed that retaining earnings in the corporation is a prudent business decision where revenues are inconsistent, and employees must be paid during low revenue months. [RP 676-77] The testimony showed that the "unaccounted for" deposits were from sales and savings, and were used to finance the lawsuit. [RP 677] As explained in our calendar notice, the district court found, for various reasons, that the monies should not be included as income to Father.

Mother argues that the findings by the district court were not supported because there was conflicting or inconsistent testimony, there was manipulation of finances and shielding of income, and there were certain statements that were not supported by documentation or expert testimony. We reiterate that child support calculations are within the discretion of the district court, and we review the district court's findings on income to determine whether they are supported by substantial evidence. *Quintana v. Eddins*, 2002-NMCA-008, ¶ 9, 131 N.M. 435, 38 P.3d 203 (filed 2001). Application of the law to the facts is de novo. *N.M. Right to Choose/NARAL v. Johnson*, 1999-NMSC-028, ¶ 7, 127 N.M. 654, 986 P.2d 450. In our calendar notice, we conducted a detailed review of the findings and conclusions in this case, and proposed to conclude that the district court did not commit error in its calculation of the income of the parties. In her memorandum in opposition to our calendar notice, Mother makes similar arguments to those made in the docketing statement. We do not find Mother's arguments in opposition to our proposed disposition to be persuasive. *See Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). We therefore affirm the district court's income determinations.

In her memorandum in opposition, Mother claims that Father uses the company vehicle for personal use, while she must pay for her own vehicle and vehicle expenses, and therefore, the company vehicle and costs to run and maintain the company vehicle should be considered income to Father. [MIO 4-5] Mother did not include this

4

argument in her docketing statement. There was testimony that supported the district court's determination that the company vehicle should not be imputed as income to Father. The testimony showed that Father did not have personal use of the vehicle and that, in four years, Father only occasionally used the vehicle to transport the parties' child. [MIO 4-5; RP 677-78] Therefore, to the extent that Mother is attempting to amend her docketing statement to add this argument, we hold that the issue is not viable and we deny her motion to amend the docketing statement. *See State v. Moore*, 109 N.M. 119, 129, 782 P.2d 91, 101 (Ct. App. 1989), *superceded by rule on other grounds as recognized in State v. Salgado*, 112 N.M. 537, 817 P.2d 730 (Ct. App. 1991) (stating that appellate court will deny motions to amend that raise issues that are not viable, even if they allege fundamental or jurisdictional error).

Mother continues to claim that it was an abuse of discretion for the district court to order that each party pay "his or her respective attorneys fees and costs." **[RP 717]** *See Monsanto v. Monsanto*, 119 N.M. 678, 681, 894 P.2d 1034, 1037 (Ct. App. 1995) (reviewing award of attorney fees for abuse of discretion). The order was based on cross-motions by the parties and affidavits. As discussed in our calendar notice, the district court considered the factors under Rule 1-127 NMRA. We noted that Mother did not demonstrate error by the district court and pointed out that the record showed a number of show cause motions, and one order finding Mother in contempt.

In her memorandum in opposition, Mother continues to argue, as argued in her motion or stated in her affidavit, that there is a disparity in the parties' incomes and that she has no assets to pay attorney fees. [RP 693; 699] Mother claims that Father

5

conferred with his attorney more than she conferred with her attorney, indicating that Father is the more litigious party. [MIO 9-10] Mother also provides an explanation for the reason she was held in contempt of court and states that she does not believe she was sanctioned for misunderstanding that she should provide Father with documents that she alleges he already possessed. [MIO 8-9] As noted above, the district court considered the factors under Rule 1-127 when deciding the attorney fees issue. Mother's arguments do not persuade us that the district court abused its discretion in awarding attorney fees to neither party. We affirm the district court's decision on attorney fees and costs.

Mother does not respond to our proposed disposition with regard to the tax deduction. *Frick v. Veazey*, 116 N.M. 246, 247, 861 P.2d 287, 288 (Ct. App. 1993) ("Failure to file a memorandum in opposition constitutes acceptance of the disposition proposed in the calendar notice."). We affirm on this issue.

**CONCLUSION**

For the reasons discussed in this opinion and in our calendar notice, we affirm the decisions of the district court.

**IT IS SO ORDERED.**

_____

**CYNTHIA A. FRY, Chief Judge**

**WE CONCUR:**

6

_____

**MICHAEL E. VIGIL, Judge**


_____

**TIMOTHY L. GARCIA, Judge**