This memorandum opinion was not selected for publication in the New Mexico Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

## IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**DALE A. HARRISON,**

Petitioner-Appellee/Cross-Appellant,

v.                                                              **NO. 29,398**

**SHARON G. HARRISON,**

Respondent-Appellant/Cross-Appellee.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Angela Jewell, District Judge**

Laurence Brock
Ontario, CA

L. Helen Bennett
Albuquerque, NM

for Appellee/Cross-Appellant

Peter Everett IV
Albuquerque, NM

for Appellant/Cross-Appellee

**MEMORANDUM OPINION**

**KENNEDY, Judge.**

After their divorce, Dale A. Harrison (Husband) and Sharon G. Harrison (Wife) stipulated to binding arbitration under NMSA 1978, Section 40-4-7.2 (1999), for the purpose of valuing and dividing certain retirement accounts. Wife challenges the validity of the arbitration on several grounds and argues the district court erroneously affirmed the decision. Husband cross-appeals the court's denial of his attorney's fees and seeks attorney's fees in this appeal. For the reasons set out below, we affirm the district court and deny Husband's request for attorney's fees.

**BACKGROUND**

Husband and Wife were married in 1963. On August 7, 2002, Husband filed for divorce. The parties entered into a marital settlement agreement (MSA) that was filed with the court and which they both signed. It provides that (1) Wife will receive "[o]ne-half of [Husband's] Tier I and Tier II Pension with the United States Railroad Retirement Board;" (2) Husband will receive "[o]ne-half of [Wife's] social security account . . . as of February 4, 2003;" and (3) Husband will also receive "[o]ne-half of [her] Pension from Albuquerque Public Schools through the New Mexico Educational Retirement Association as of February 4, 2003[.]"

The district court granted a dissolution of marriage on June 16, 2003, and formally adopted the parties' MSA. Several years later, the only assets still requiring

2

division were the retirement accounts described above, and Wife filed a motion seeking to divide them. Husband responded with a cross-motion, and the district court held a hearing.

In that hearing, the district court was asked to value the retirement accounts, and both parties disputed the way in which such a valuation should be achieved. The court, interpreting the MSA, found it to be unambiguous but expressed concern over how to arrive at values for the disputed assets. Near the end of the hearing, the following exchange took place:

COURT: I need help, and my thought is a special master . . . Bill Henderson?

HUSBAND: Bill Henderson's good at these . . . .

WIFE: That sounds good to me.

COURT: Ok. Let me get Bill to take a look at this. This is just . . . I mean, the language is clear, but now that we get into the actual values of these things, and I have a dispute and I don't have an agreement, I need help to calculate it. So, I'll appoint Mr. Henderson as special master for the purposes of effecting that unambiguous paragraph of your [MSA].

The hearing proceeded for some time with the court referring to Bill Henderson as a "special master." Then, just prior to adjournment, the following exchange took place:

COURT: I'll do the appointment of Mr. Henderson. I'll call him, and counsel needs to submit to him certain—all of your things actually meet with him, and before you let him handle that—as an

3

arbitrator.

HUSBAND: As an arbitrator. Fine.

COURT: So that he can make a decision that's binding on the parties.

WIFE: Under the rules of arbitration, et cetera, et cetera, et cetera. Ok. The—the court rules.

COURT: I will make him aware that that's going to be his position, as an arbitrator.

The parties then briefly discussed the authority under which Henderson would arbitrate; and although they did not discuss a specific statute by name, they agreed the court would draft the order for Henderson to act upon pursuant to the arbitration procedures for "domestic relations."

On July 7, 2008, the court issued a "stipulated order" giving Henderson power to arbitrate the valuation and division of the parties' remaining assets pursuant to Section 40-4-7.2. The district court judge signed the order, but the parties did not. Instead, on the signature lines where the parties would have signed, the judge initialed and wrote "Agreed upon in open [court]." Our review of the record below indicates neither party challenged this notation by the court. Likewise, neither party challenged the validity of the court's conclusion that both stipulated to binding arbitration.

When the arbitration was complete on October 15, 2008, Henderson issued a written decision. His decision provided that under federal law neither Husband's Tier

4

I retirement benefit nor Wife's social security benefits are divisible. As such, Henderson found each party was entitled to those assets as undivided property. Moreover, the decision designated values for both Husband's Tier II retirement benefits and Wife's Albuquerque Public Schools retirement benefits and provided that each should be divided equally. Wife disputed the decision by filing a motion for reconsideration with Henderson on November 19, 2008. Her motion was denied.

Wife then appealed the decision to the district court. She argued that the arbitrator acted improperly because he relied on "erroneous extrinsic facts" and "misapplied the law" of valuation. Several other pleadings were filed by both parties in the subsequent months, and on February 10, 2009, the district court held a hearing. Wife argued that Henderson's calculations were wrong, that he incorrectly allocated certain asserts, and that he should have considered the value of Husband's Tier I benefits and Wife's social security entitlement in reaching his decision. Husband contended Wife's challenge was untimely under Section 40-4-7.2 and that the merits of the arbitrator's decision were outside the court's scope of review. Furthermore, Husband argued, Wife did not request a record of the arbitration hearing, and the court's review should therefore be limited to the factors set forth in Section 40-4-7.2(V)(1)-(4).

Henderson was the only witness called. He testified that he communicated to

both parties that he would be acting as an arbitrator. Both parties agreed to an informal process and relaxed standards of evidence and decorum. Prior to the arbitration, he stated that each party submitted a "significant" amount of information concerning valuation and interpretation of the MSA. Also, Henderson testified that each party gave testimony, made closing arguments, and had several days after the hearing's conclusion in which to submit additional evidence and legal authority. Henderson stated that he informed the parties they had twenty days after the decision was issued to challenge its accuracy. Finally, he testified that he only considered evidence submitted by the parties and did not consult any outside materials in reaching his decision.

At the conclusion of the hearing, the court found that Wife had been late in challenging Henderson's decision. As a result, the court limited its review to the factors set out in Section 40-4-7.2(V). Because Wife presented no evidence of a violation under that section, the court affirmed the arbitration. The court also denied Husband's motion for attorney's fees.

In this appeal, Wife contends the district court erroneously affirmed the arbitration decision. Her briefs are confusing, conclusory, and provide scant legal argument and factual support. Yet, as this Court understands them, Wife challenges the district court's decision on four bases: (1) the arbitration is void because neither

party signed or stipulated to a written arbitration agreement as required by Section 40-4-7.2(B); (2) Wife's due process rights were violated under Article II, Section 18, of the New Mexico Constitution; (3) the arbitrator's decision was incorrect; and (4) the arbitrator acted fraudulently and arrived at his decision via "undue means." On cross-appeal, Husband seeks the attorney's fees he was denied for the time spent responding to Wife's arbitration challenges below and requests fees for litigating this appeal.

**DISCUSSION**

**A.    Validity of the Court's Order to Arbitrate**

Section 40-4-7.2 provides that parties to a divorce "may stipulate to binding arbitration by a signed agreement" and prohibits courts from requiring participation "except to the extent a party has agreed . . . pursuant to a written arbitration agreement." Section 40-4-7.2(A), (B). Wife argues the arbitration in this case was invalid because neither she nor Husband stipulated to or signed a written agreement.

As stated above, the record clearly demonstrates that Husband and Wife verbally agreed to binding arbitration in open court. It is also clear that neither signed the order later issued by the court. Such a factual scenario may or may not fulfill the requirements of Section 40-4-7.2. But in this appeal, the issue was unpreserved, and it is therefore unnecessary for us to decide it. *See* Rule 12-216(A) NMRA (requiring that parties invoke a ruling or decision by the district court to preserve issues for

appeal); *see also DeFillippo v. Neil*, 2002-NMCA-085, ¶ 12, 132 N.M. 529, 51 P.3d 1183 ("The primary purposes of the preservation requirement are (1) that the trial court be alerted to the potential error and have an opportunity to avoid mistakes, and (2) that opposing parties be given a fair opportunity to meet the objection."). Wife does not indicate to this Court where she preserved this issue, nor does our own review of the record reveal evidence of preservation. Indeed, both parties below proceeded to arbitration, participated in those proceedings willingly, and never alerted the court to any failure to sign or stipulate. Only now on appeal does Wife argue this issue, and we decline to consider it.

**B.      Violation of Wife's Constitutional Rights**

Wife also argues she was deprived of due process under Article II, Section 18 of the New Mexico Constitution. We refuse to consider this issue under Rule 12-213(A)(4) NMRA, which requires parties to advance arguments supported by citations to both legal authority and the record. *See Thomas v. Thomas*, 1999-NMCA-135, ¶ 9, 128 N.M. 177, 991 P.2d 7 (holding that parties on appeal must make legal arguments based on facts in the record and supported by legal authority). Wife's brief in chief does neither. She makes a conclusory statement that her constitutional rights were violated. She does not argue how such rights were violated, cite other legal authority in support of the contention, or provide citation to the record that would

8

direct this Court to specific violations. Wife simply fails to provide a basic understanding of how such a violation allegedly occurred. "We will not search the record for facts, arguments, and rulings in order to support generalized arguments." *Muse v. Muse*, 2009-NMCA-003, ¶ 72, 145 N.M. 451, 200 P.3d 104; *see In re Heeter*, 113 N.M. 691, 694, 831 P.2d 990, 993 (Ct. App. 1992) ("This [C]ourt will not search the record to find evidence to support an appellant's claims.").

**C. The Merits of the Arbitrator's Decision**

Wife argues the arbitrator improperly refused to take into account both Husband's Tier I retirement benefits and her social security entitlement. She also asserts the arbitrator used incorrect values to assess the parties' various assets; that is to say, Wife argues the arbitrator improperly analyzed the issues and reached an erroneous decision. The district court refused to consider this argument and instead limited its review to the grounds stated in Section 40-4-7.2(V)(1)-(4). We hold it did so properly.

This Court applies a de novo standard to legal conclusions and reviews factual determinations for substantial evidence. *French-Hesch v. French-Williams*, 2010-NMCA-008, ¶ 4, 147 N.M. 620, 227 P.3d 110. In reviewing the facts, this Court makes "all reasonable inferences in support of the prevailing party." *Id*.

Section 40-4-7.2 includes detailed guidance on how district courts should

9

review arbitration decisions in domestic relations cases. "If a party applies to the court for vacation or modification of an arbitrator's award issued pursuant to this section, the court shall review the award only as provided in Subsections T and V of this section." Section 40-4-7.2(U). Subsection T applies only to arbitrations of child custody, time-sharing, and visitation and is inapplicable to these facts. Section 40-4-7.2(T). Subsection V restricts the district court's authority to "vacate, modify or correct" an arbitration award to the following grounds:

>     (1)     the award was procured by corruption, fraud or other undue means;
>
>     (2)     there was evident partiality by an arbitrator; or misconduct prejudicing a party's rights;
>
>     (3)     the arbitrator exceeded his powers; or
>
>     (4)     the arbitrator refused to postpone the hearing on a showing of sufficient cause or refused to hear evidence substantial and material to the controversy.

Section 40-4-7.2(V)(1)-(4). As this language indicates, the statute does not authorize the district court to modify an arbitrator's decision just because that decision was undesirable to one or more parties. Indeed, the statutory language does not seem to contemplate the merits of the decision at all. Instead, it expresses a concern for the integrity of the arbitration process: that arbitrations remain fair and just, and that the arbitration be conducted free from fraud, undue influence, partiality, or misconduct.

If a party wishes to challenge errors or omissions in an arbitration decision, the statute allows that party twenty days to do so, upon motion to the arbitrator. Section 40-4-7.2(Q). In this case, Wife filed such a motion two weeks late. As a result, the arbitrator refused to consider her challenge. We hold that Wife missed her chance to challenge the merits of the decision by failing to follow the requirements of Section 40-4-7.2(Q).[1] The district court properly rejected her request for the district court to ignore the grounds listed in Section 40-4-7.2(V)(1)-(4) and consider the merits of the case. The district court correctly limited its review to the factors in Subsection V.

**D.     Propriety of Arbitration Under Section 40-4-7.2(V)**

We also conclude the district court correctly analyzed Wife's arguments under Section 40-4-7.2(V). As she contended below, Wife asks us to invalidate the arbitrator's decision because it was reached via "fraud and undue means." Her arguments, although somewhat unclear, also seem to imply other possible statutory grounds for reversal. Applying the standard of review discussed above, we affirm the district court.

In the hearing before the district court, Wife offered no evidence that

---

[1]In Section E of this opinion, below, we discuss the district court's consideration of Wife's counsel's health problems, which resulted in delays in this case. We observe here, however, that Wife does not argue that her attorney's health problems were the reason for missing the deadline under Section 40-4-7.2(Q). Even if that were the case, counsel never submitted any request to the court or arbitrator for an extension or exception under the rule.

Henderson acted fraudulently or reached his decision through undue means. Indeed, Wife offered no evidence whatsoever, on any topic, choosing instead to rely on conclusory statements regarding equity and alleged errors of judgment. The only evidence offered at the hearing was arbitrator Henderson's sworn testimony, and none of his statements indicate a violation under the grounds for reversal set out in Section 40-4-7.2(V)(1)-(4). As stated above, he testified that all parties understood he was acting with the powers of an arbitrator, that all agreed to how the proceedings would be conducted, and that all enjoyed the opportunity to submit their own evidence and testimony. He even stated he gave the parties a period of time after the hearing in which to submit additional evidence and argument. Neither party took advantage of this privilege, and neither challenged his authority to act in accordance with the court order and their own mutual agreement. Henderson also testified he only considered evidence submitted by the parties; and though Wife challenges that testimony in this appeal, she offered no evidence below to support such a challenge. Even when cross-examining Henderson, Wife was unable to demonstrate any hint of impropriety in his conduct during the arbitration. Thus, we hold that substantial evidence supports the district court's finding that Henderson acted properly and that Wife failed to substantiate a case for reversal under Section 40-4-7.2(V). Moreover, we observe that Wife could have requested that a record be made of the arbitration proceedings

12

pursuant to Section 40-4-7.2(L). That section states, "a record shall not ordinarily be made of an arbitration hearing pursuant to this section unless either party requests it." *Id.* Wife therefore had the opportunity to make a record and chose not to do so. We hold that conclusory statements of impropriety are no substitute for actual evidence.

**E.      Husband's Cross-Appeal for Attorney's Fees**

In the proceedings below, the district court denied Husband's request for attorney's fees but ordered Wife to pay his costs in litigating the February 9, 2009, review hearing. Husband argues in this cross-appeal that the court erroneously denied his request. He also contends he is entitled to attorney's fees for his time spent litigating this appeal. Wife has filed no answer regarding these arguments. For the following reasons, we affirm the district court's denial of attorney's fees below and deny Husband's request for attorney's fees on appeal.

At the conclusion of the February 9, 2009 hearing, the district court denied Husband's request for attorney's fees. Husband had argued that Wife's appeal from the arbitrator's decision was frivolous and untimely; but the court, in considering the issue, found that although Wife's appeal would be denied as untimely, such untimeliness was due to her attorney's health problems. Thus, the court concluded, Husband was not entitled to attorney's fees. Husband argues the district court abused its discretion by ruling on a motion for fees without properly considering his argument

13

and by failing to enter findings of fact and conclusions of law.  We disagree.

Under NMSA 1978, Section 40-4-7(A) (1997), the district "court may make an order, relative to the expenses of the proceeding, as will ensure either party an efficient preparation and presentation of his case."  The determination "is within the discretion of the [district] court and will be reviewed only to determine whether there has been an abuse of discretion." *Monsanto v. Monsanto*, 119 N.M. 678, 681, 894 P.2d 1034, 1037 (Ct. App. 1995); *see Grant v. Cumiford*, 2005-NMCA-058, ¶ 35, 137 N.M. 485, 112 P.3d 1142.  The main consideration is whether both parties were able to efficiently prepare and present their case. *Id.*  Section 40-4-7.2(A) sets out a non-exclusive list of factors courts may use, including: disparities in income between the parties, prior settlement offers, the amount of fees paid by each party, and success on the merits.  Courts possess broad discretion in this determination, and it is not necessary for them to issue a "writing containing separately stated findings of fact and conclusions of law." *Monsanto*, 119 N.M. at 682, 894 P.2d at 1038 (holding courts do not have to issue written decisions in motions hearings as they do for trial proceedings).

On the facts above, we cannot hold that the district court abused its discretion in refusing to award attorney's fees.  It clearly considered Husband's arguments, found that there was a good faith reason for Wife's delay, and concluded that an

award of attorney's fees was unnecessary. These actions do not constitute a clear departure from "the logical conclusions demanded by the facts and circumstances of the case." *Gilmore v. Gilmore*, 2010-NMCA-013, ¶ 24, 147 N.M. 625, 227 P.3d 115 (internal quotation marks and citation omitted). Moreover, Husband does not demonstrate to us how such denial foreclosed to him the opportunity to efficiently prepare and present his case. *Grant*, 2005-NMCA-058, ¶ 35. We therefore affirm the district court's denial of attorney's fees.

We also deny Husband's request for attorney's fees in this appeal. Husband appears to argue that he is entitled to fees under Rule 12-403(B)(4), which permits such an award to the prevailing party "if it is determined that the appeal is frivolous, not in good faith, or merely for the purpose of delay." We cannot say that Wife's appeal was frivolous or pursued in bad faith, so we deny Husband's request.

**CONCLUSION**

For the reasons stated above, we affirm the district court and deny Husband's request for attorney's fees on appeal.

**IT IS SO ORDERED.**

_____
**RODERICK T. KENNEDY, Judge**

**WE CONCUR**:

_____
**CYNTHIA A. FRY, Judge**

_____
**MICHAEL E. VIGIL, Judge**

16