Melnick, P.J.
¶1 Jeffrey Butterfield appeals his eight convictions for two counts each of rape of a child in the first degree, rape of a child in the second degree, rape of a child in the third degree, and incest in the first degree. The crimes relate to the sexual abuse of Butterfield's twin daughters, AB1 and AB2, over the course of their childhood.
¶2 In the published portion of this opinion, we address Butterfield's argument that the trial court erred in imposing an exceptional sentence. We agree that the court imposed a sentence unauthorized by the jury's findings. In the unpublished portion of this opinion, we address Butterfield's other arguments, in which he contends that he received ineffective assistance of counsel and that the trial court imposed unauthorized legal financial obligations (LFOs).
¶3 We reverse Butterfield's exceptional sentence and remand for resentencing. We otherwise affirm.
FACTS
¶4 Born in 1989, AB1 and AB2 are twins. Butterfield, their biological father, sexually abused them from the time they were four or five years old until they were sixteen years old.
¶5 The State charged Butterfield with two counts each of rape of a child in the first degree, rape of a child in the second degree, rape of a child in the third degree, and incest in the first degree. For each of the four crimes, one count related to AB1 and one count related to AB2.
¶6 For each count, the State alleged an aggravating factor in the information that the "offense was part of an ongoing pattern of psychological, physical, or sexual abuse of the same victim manifested by multiple incidents over a prolonged period of time and [that it would] ask for an exceptional sentence outside the standard range upon [Butterfield's] conviction." Clerk's Papers (CP) at 64-68. The State cited RCW 9.94A.535(i) ; however, the language followed RCW 9.94A.535(3)(h)(i)[1] but omitted that the offense involved domestic violence or stalking.
¶7 Butterfield pled not guilty, and the case proceeded to trial. At the conclusion of trial, the court instructed the jury on all eight counts. It also gave the jury special verdict forms for all counts, which asked the question: "Was the crime part of an ongoing pattern of psychological, physical, or sexual abuse of the same victim manifested by multiple incidents over a prolonged period of time?" CP at 86-100. This language also followed RCW 9.94A.535(3)(h)(i), but again omitted that the offense involved domestic violence or stalking.
¶8 The jury convicted Butterfield on all counts. Additionally, the jury answered in the *652 affirmative on each of the special verdict forms.
¶9 The court sentenced Butterfield to an exceptional sentence of 1,520 months. It sentenced Butterfield to the statutory maximum on each count and ran the counts consecutive to each other.
¶10 The court entered findings of fact and conclusions of law supporting the exceptional sentence. One finding stated, "The jury unanimously found beyond a reasonable doubt that [each count] ... was part of an ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over a prolonged period of time." CP at 131-32. The court cited RCW 9.94A.535(2)(g).[2] Butterfield appeals.
ANALYSIS
I. EXCEPTIONAL SENTENCE
¶11 Butterfield argues that we should reverse his exceptional sentence because the trial court, not the jury, made the factual finding necessary to impose the exceptional sentence. We agree.
¶12 RCW 9.94A.535 includes numerous aggravating factors that, if found, allow the trial court to impose an exceptional sentence. Most of these circumstances must be "prove[n] to a jury beyond a reasonable doubt." RCW 9.94A.537(3) ; see RCW 9.94A.535(3)(g)-(h) ; Blakely v. Washington , 542 U.S. 296, 301, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004). "[U]nder both the Sixth Amendment to the United States Constitution and article I, sections 21 and 22 of the Washington Constitution, the jury trial right requires that [the sentence imposed by the trial court] be authorized by the jury's verdict." State v. Williams-Walker , 167 Wash.2d 889, 896, 225 P.3d 913 (2010).
¶13 RCW 9.94A.535(3) is an exclusive list of aggravating factors that must be submitted to and found by a jury before a court may consider imposing an exceptional sentence. One aggravating factor requires a jury to find that an "offense was part of an ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over a prolonged period of time." RCW 9.94A.535(3)(g). Another aggravating factor requires a jury to find that an "offense involved domestic violence, as defined in RCW 10.99.020, or stalking, as defined in RCW 9A.46.110, and ... [t]he offense was part of an ongoing pattern of psychological, physical, or sexual abuse of a victim or multiple victims manifested by multiple incidents over a prolonged period of time." RCW 9.94A.535(3)(h)(i).
¶14 Here, the State alleged that Butterfield's "crime[s were] part of an ongoing pattern of psychological, physical, or sexual abuse of the same victim manifested by multiple incidents over a prolonged period of time." CP at 64-68. This allegation largely followed RCW 9.94A.535(3)(h)(i). However, the charging language omitted a statutory element, which requires a jury to find, along with the above, that the offense involved "domestic violence" as defined in RCW 10.99.020 or "stalking" as defined in RCW 9A.46.110. RCW 9.94A.535(3)(h).
¶15 Like the charging document, the jury instructions and special verdict forms also omitted the domestic violence or stalking element. The court instructed the jury that if it found Butterfield guilty, then it must determine "[w]hether the crime was part of an ongoing pattern of psychological, physical, or sexual abuse of the same victim manifested by multiple incidents over a prolonged period of time." CP at 77-80, 82. The court then provided the jury with special verdict forms, which asked the question: "Was the crime part of an ongoing pattern of psychological, physical, or sexual abuse of the same victim manifested by multiple incidents over a prolonged period of time?" CP at 86-100. The jury answered in the affirmative.
¶16 Because the court instructed the jury using an incorrect instruction, the jury never found that Butterfield's crimes constituted domestic violence or stalking. As a result, the jury did not find all of the elements of a statutory aggravating factor beyond a reasonable doubt. RCW 9.94A.535(3)(h).
¶17 In imposing the exceptional sentence, the trial court's findings of fact and conclusions *653 contained a different error from that contained in the information, jury instructions, and special verdicts. The court found: "The jury unanimously found beyond a reasonable doubt that [each count] ... was part of an ongoing pattern of sexual abuse of the same victim under the age of eighteen years manifested by multiple incidents over a prolonged period of time." CP at 131-32. This language followed RCW 9.94A.535(3)(g), not (3)(h)(i). Thus, in imposing the exceptional sentence, the court relied on a different statutory aggravating factor than the incomplete one charged by the State and the incomplete one on which it instructed the jury and which the jury found.
¶18 In short, the charging documents, jury instructions, and special verdict forms each contained errors. Another error occurred at sentencing when the court gave Butterfield an exceptional sentence based on findings the jury did not make. As a result of these errors, the court did not have the authority to impose an exceptional sentence and erred by imposing one.
¶19 Although the State concedes that all of the above errors occurred, it argues that the errors were harmless. The State applies its harmless error analysis without first discussing whether harmless error applies at all. We conclude that a harmless error analysis is inapplicable in Butterfield's situation.
¶20 In Williams-Walker , the court consolidated three cases. 167 Wash.2d at 892, 225 P.3d 913. In each case, the State charged the defendants with firearm enhancements; however, the court submitted special verdict forms to each jury for deadly weapon enhancements. Williams-Walker , 167 Wash.2d at 893-94, 225 P.3d 913. The juries then answered the special verdict forms in the affirmative, finding that the defendants were armed with deadly weapons. Williams-Walker , 167 Wash.2d at 893-94, 225 P.3d 913. Notwithstanding the juries' special verdicts, at each defendant's sentencing, the court imposed the more severe firearm enhancement. Williams-Walker , 167 Wash.2d at 893-94, 898, 225 P.3d 913.
¶21 The court concluded that error had occurred. "When the jury is instructed on a specific enhancement and makes its finding, the sentencing judge is bound by the jury's finding." Williams-Walker , 167 Wash.2d at 899, 225 P.3d 913.
¶22 The court reasoned that the juries' findings authorized in the special verdicts did not support the sentencing enhancements imposed by the courts and violated the defendants' constitutional rights under article 1, sections 21 and 22. Williams-Walker , 167 Wash.2d at 899-900, 225 P.3d 913. After determining that the imposed enhancements constituted error, the court next concluded that a harmless error analysis was inapplicable. Williams-Walker , 167 Wash.2d at 902, 225 P.3d 913. It noted that "the error was made, not in the jury instruction, but in the trial court's imposition of a sentence." Williams-Walker , 167 Wash.2d at 900, 225 P.3d 913. By so acting, the trial court exceeded its authority in sentencing, and when the court imposes a sentence unsupported by a jury's findings, that error "can never be harmless." Williams-Walker , 167 Wash.2d at 902, 225 P.3d 913.
¶23 In Williams-Walker , the court specified that no error existed in the charging document, in the jury instructions, or in the jury findings. 167 Wash.2d at 901, 225 P.3d 913.
¶24 In the present case, the court not only imposed an exceptional sentence above the standard range based on a finding the jury did not make, but unlike Williams-Walker , error also existed in the charging document, in the jury instructions, and in the jury's findings. The State charged an aggravating factor but did not include all of the statutory elements of the aggravating factor. The court instructed the jury on the same aggravating factor the State charged. It also omitted an element. As a result, the jury did not find all the elements of the statutory aggravating factor. Compounding these errors, the trial court sentenced the defendant to an exceptional sentence above the standard range. In so doing, it made findings of fact and conclusions of law. Its explicitly stated findings involved an aggravating factor not charged and not found. Therefore, the trial court imposed a sentence unsupported by the *654 jury's findings. We conclude that a harmless error analysis is inapplicable because, under Williams-Walker , such an error can never be harmless.
¶25 The State relies on State v. Brown , 147 Wash.2d 330, 339, 341, 58 P.3d 889 (2002), to support its harmless error argument; however, that case is distinguishable because Brown involved a missing element from the "to-convict" instruction and did not involve a sentence that was unsupported by the jury's verdict.
¶26 Because the court sentenced Butterfield in excess of its authority and in violation of Butterfield's constitutional rights, we reverse his exceptional sentence and remand for resentencing.
¶27 A majority of the panel having determined that only the foregoing portion of this opinion will be printed in the Washington Appellate Reports and that the remainder shall be filed for public record in accordance with RCW 2.06.040, it is so ordered.
We concur:
Sutton, J.
Glasgow, J.

Before Blakely v. Washington , 542 U.S. 296, 305, 124 S. Ct. 2531, 159 L. Ed. 2d 403 (2004), aggravating factors could be found by a trial court, and furthermore, RCW 9.94A.535 's list of aggravating was merely illustrative, not exclusive. Blakely clarified that this practice was unconstitutional. 542 U.S. at 305, 124 S.Ct. 2531. In response to Blakely , the legislature amended RCW 9.94A.535(3) such that the list of aggravating factors became exclusive and had to be found by a jury beyond a reasonable doubt. See Laws of 2005, ch. 68, §§ 1, 3.

RCW 9.94A.535(2)(g) only existed until 2005. We presume that the court intended to cite (3)(g).