# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 54279-0-II |
| Respondent, | |
| v. | |
| JEFFREY LYNN BUTTERFIELD SR., | UNPUBLISHED OPINION |
| Appellant. | |

SUTTON, J. — Jeffrey L. Butterfield, Sr., appeals from the exceptional consecutive sentences imposed following his resentencing on eight sex offenses. He argues that (1) the combined terms of confinement and terms of community custody for four of the offenses exceed the statutory maximum for those offenses, and (2) the exceptional consecutive sentences are clearly excessive. The State concedes that the combined terms of confinement and community custody for four of the offenses exceed the statutory maximum. We accept the State's concession, but we hold that Butterfield fails to establish that the exceptional consecutive sentences are clearly excessive. Accordingly, we affirm the exceptional consecutive sentences, but we remand for amendment of the community custody terms on four of the convictions.[1]

---

[1] Counts 5, 6, 7, and 8.

FACTS[2]

A jury found Butterfield guilty of two counts of first degree rape of a child, two counts of second degree rape of a child, two counts of third degree rape of a child, and two counts of first degree incest. The victims of these offenses were Butterfield's twin daughters. *State v. Butterfield*, 10 Wn. App. 2d 399, 401, 447 P.3d 650 (2019). The offenses occurred over the course of 11 years between 1995 and 2006—"from the time [the children] were 4 or 5 years old until they were 16 years old." *Butterfield*, 10 Wn. App.2d at 401.

The trial court imposed the following sentences: (1) 318 months to life for each first degree rape of a child conviction, (2) 280 months to life for each second degree rape of a child conviction,[3] (3) 60 months for each third degree rape of a child conviction, and (4) 102 months for each first degree incest conviction. Based on a jury finding that the offenses were part of an ongoing pattern of abuse, the trial court imposed an exceptional sentence by running all eight sentences consecutively. *Butterfield*, 10 Wn. App. 2d at 404. On appeal, we reversed the exceptional sentence due to errors related to the aggravating factor and remanded the case for resentencing. *Butterfield*, 10 Wn. App. 2d at 404, 406.

At resentencing, the State requested the trial court to reimpose the previous sentence under the free crimes aggravator, RCW 9.94A.535(2)(c), which does not require a jury finding. The

---

[2] These facts are based in part on the trial court's unchallenged findings of fact and conclusions of law supporting the exceptional consecutive sentences imposed on remand. Unchallenged findings of fact are verities on appeal. *State v. Homan*, 181 Wn.2d 102, 106, 330 P.3d 182 (2014).

[3] First and second degree rape of a child convictions are subject to indeterminate sentencing. RCW 9.94A.507(1)(a)(i). Accordingly, the trial court is required to set only a minimum term of confinement; the maximum term of confinement is always the statutory maximum sentence for the offense. RCW 9.94A.507(3).

No. 54279-0-II

State asked the trial court to impose minimum sentences at the top of the standard sentencing range on the first and second degree rape of a child convictions, to impose sentences at the top of the standard sentencing range for the third degree rape of a child and first degree incest convictions, and to run these sentences consecutively. RP at 7.

Defense counsel requested a total sentence that amounted to a minimum sentence of 240 months. Defense counsel argued that the free crimes aggravator should not apply in this case because the first and second degree rape of a child offenses were indeterminate sentences and Butterfield was potentially subject to a "lifetime sentence" for those offenses. Specifically, defense counsel argued:

> The rape child one and the rape child two charges, as the [c]ourt knows, have a lifetime sentence. The - there's a standard range imposed. In this particular case it's 240 to 318 months to life. The idea behind free crime is to punish those offenses that will go unpunished because you're outside the offender score range. In this particular circumstances I don't know how he would be ever able to get above a lifetime sentence.

Verbatim Report of Proceedings (VRP) at 8.

Defense counsel also argued that because Butterfield was about 60 years old, what amounted to a 1520-month minimum sentence was excessive when a standard 240 month minimum sentence was "essentially a life sentence" because of Butterfield's age. VRP at 9.

The trial court responded:

> Well, I don't intend to go back and attempt to summarize all of the horrific facts of this case. No useful purpose would be served. Mr. Butterfield should-- never be in a position where another human being is actually considering releasing him from custody. I--I'm going to--I'm not going to allow it to happen to the extent it's within my power. I'm going to follow [the State's] sentencing recommendation.

VRP at 10-11.

3

Based on Butterfield's single prior conviction for residential burglary and the other current offenses, the trial court calculated Butterfield's offender score for each offense as 22 points. The court then imposed the same sentences that had previously been imposed: 318 months to life for each of the first degree rape of a child convictions, 280 months to life for each of the second degree rape of a child convictions, 60 months of confinement for each of the third degree rape of a child convictions, and 102 months of confinement for each of the first degree incest convictions. It also imposed 36 months of community custody on each of the third degree rape of a child and first degree incest convictions. All of the minimum terms and sentences imposed were at the top of the standard range for each offense based on an offender score of "9 or more." *See* RCW 9.94A.510.

The trial court also "found that the number of multiple current offenses and [Butterfield's] high offender score" justified an exceptional sentence under RCW 9.94A.535(2)(c), the free crimes aggravator. Clerk's Papers (CP) at 54-55 (Finding of Fact (FF) 3, Conclusions of Law (CL) 3, 4). The court concluded that "[p]ursuant to RCW 9.94A.535(2)(c), an exceptional sentence is appropriate to ensure that the punishment is proportionate to the seriousness of the offenses and that none of the Defendant's current offenses go unpunished." CP at 55 (CL 4). Accordingly, the court imposed an exceptional sentence by running all eight sentences consecutively.

Butterfield appeals his sentences on the third degree rape of a child and first degree incest convictions and the exceptional consecutive sentences.

ANALYSIS

I. SENTENCES EXCEEDING STATUTORY MAXIMUM

Butterfield first argues that the sentences on the two third degree rape of a child convictions and the two first degree incest convictions combined with the terms of community custody for

each of those offenses result in sentences that exceed the statutory maximum for those offenses. The State agrees, as do we.

A trial court errs when it imposes a total term of confinement and community custody that exceeds the statutory maximum for an offense. *State v. Boyd*, 174 Wn.2d 470, 472-73, 275 P.3d 321 (2012). Under RCW 9.94A.701(9), the trial court shall reduce the community custody term "whenever an offender's standard range term of confinement in combination with the term of community custody exceeds the statutory maximum."

Third degree rape of a child is a class C felony with a statutory maximum sentence of 60 months. RCW 9A.20.021(1)(c);[4] RCW 9A.44.079(2). The trial court imposed 60 months of confinement and 36 months of community custody for each for the third degree rape convictions. The resulting 96-month sentences exceed the statutory maximum sentence for these offenses by 36 months.

First degree incest is a class B felony with a statutory maximum sentence of 120 months. RCW 9A.20.021(1)(b);[5] RCW 9A.64.020(1)(b). The trial court imposed 102 months of confinement and 36 months of community custody for each of the first degree incest convictions. The resulting 138-month sentences exceed the statutory maximum for these offenses by 18 months.

---

[4] The legislature amended RCW 9A.20.021 in 2011 and 2015; neither of these amendments altered subsection (1). LAWS OF 2015, ch. 265 § 16; LAWS OF 2011, ch. 96 § 13. Accordingly, we cite to the current version of the statute.

[5] The legislature amended RCW 9A.64.020 in 2003, but these amendments were not substantive. LAWS OF 2003, ch. 53 § 80. Accordingly, we cite to the current version of the statute.

Because the total sentences for each of the third degree rape of a child and first degree incest convictions exceed the statutory maximums for these offenses, the trial court erred. Accordingly, we remand for the trial court to amend the community custody terms on the applicable counts[6] in accordance with RCW 9.94A.701(9).

## II. EXCEPTIONAL SENTENCES NOT CLEARLY EXCESSIVE

Butterfield next challenges his exceptional sentences. He argues that the exceptional sentences are clearly excessive because (1) the standard range minimum sentence imposed on just one of the first degree rape of a child convictions was alone a de facto life sentence and there is no risk that any of the multiple offenses would go unpunished, and (2) the trial court's justification for the exceptional sentences "unreasonably preempted the statutory role of and function of the [Indeterminate Sentence Review Board (ISRB)]." We disagree.

Under RCW 9.94A.585(4), we may not reverse an exceptional sentence unless we find that (1) the evidence in the record is insufficient to support the trial court's reasons for imposing an exceptional sentence, (2) the trial court's reasons do not justify a departure from the standard range, or (3) the sentence is clearly excessive or clearly too lenient. Butterfield asserts only that the sentence is clearly excessive. We review a claim that the sentence is clearly excessive for abuse of discretion. *State v. Tili*, 148 Wn.2d 350, 358, 60 P.3d 1192 (2003).

"The trial court has 'all but unbridled discretion' in fashioning the structure and length of an exceptional sentence." *State v. France*, 176 Wn. App. 463, 470, 308 P.3d 812 (2013) (internal quotation marks omitted) (quoting *State v. Halsey*, 140 Wn. App. 313, 325, 165 P.3d 409 (2007)).

---

[6] Counts 5, 6, 7, and 8.

"A 'clearly excessive' sentence is one that is clearly unreasonable, '*i.e.*, exercised on untenable grounds or for untenable reasons, or an action that no reasonable person would have taken.'" *State v. Kolesnik*, 146 Wn. App. 790, 805, 192 P.3d 937 (2008) (quoting *State v. Ritchie*, 126 Wn.2d 388, 393, 894 P.2d 1038 (1995); (quoting *State v. Oxborrow*, 106 Wn.2d 525, 531, 723 P.2d 1123 (1896)). If based on proper reasons, "we will find a sentence excessive only if its length, in light of the record, 'shocks the conscience.'" *Kolesnik*, 146 Wn. App. at 805 (quoting *State v. Vaughn*, 83 Wn. App. 669, 681, 924 P.2d 27 (1996)).

Butterfield argues that the trial court abused its discretion by imposing the exceptional consecutive sentences, which resulted in 1520 months (over 126 years) of confinement, when the standard range 318 months (26.5 years) minimum term of confinement on just one of the first degree rape of a child convictions is a defacto life sentence.[7] Butterfield contends that (1) because the concurrent sentences are already the equivalent of a life sentence, no crime would go unpunished, so the trial court based its decision on untenable grounds or reasons, and (2) the length of the sentence shocks the conscience.

Although it is possible that Butterfield could die before a 318-month minimum sentence expired because he will be approximately 86 by that time, he could also live beyond 86, so there is still a possibility that some of his crimes could go unpunished if he served only the 318 month minimum sentence. And Butterfield does not explain how, given that concurrent sentences would already result in what he contends is a de facto life sentence, an even longer sentence shocks the conscience. Although the exceptional consecutive sentences, which result in 100 years more in

---

[7] Butterfield was 60 years old when he was resentenced.

confinement than concurrent sentences would, appear extremely long, Butterfield will at most serve only several years more than he would under concurrent sentences should he live past 86 years of age. Butterfield does not demonstrate that the exceptional consecutive sentences shock the conscience, particularly in light of the fact that several of Butterfield's eight current offenses would not have otherwise been punished due to his exceptionally high offender score and in light of the particularly heinous nature of these offenses.

Butterfield also asserts that the exceptional consecutive sentences are untenable, and therefore an abuse of discretion, because in imposing the consecutive sentences the trial court unreasonably preempted the ISRB's role. We disagree.

Although the ISRB is responsible for determining whether an offender serving an indeterminate sentence is rehabilitated and fit for release *after* the defendant has served the minimum term of incarceration set by the trial court, the ISRB is not responsible for setting the minimum term of incarceration—that is purely the trial court's role. RCW 9.94A.507(3)(a), (c). And the trial court is expressly allowed to impose an exceptional minimum term "outside the standard sentence range pursuant to RCW 9.94A.535, if the offender is otherwise eligible for such a sentence." RCW 9.94A.507(3)(c)(i). Since setting the minimum term of incarceration is the trial court's statutory role and the trial court may impose an exceptional minimum term, Butterfield does not show that the trial court's imposition of the exceptional consecutive sentences "preempted the function of the ISRB." Accordingly, this argument fails and Butterfield does not show that the exceptional consecutive sentences are excessive.

No. 54279-0-II

CONCLUSION

We affirm the exceptional consecutive sentences, but we remand for the trial court to amend the community custody terms on the applicable counts [8] in accordance with RCW 9.94A.701(9).

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, J.

We concur:

LEE, C.J.

WORSWICK, J.

---

[8] Counts 5, 6, 7, and 8.